LANG
vs.
KIMBALL.

It is, therefore, ordered, that the judgment of the District
Court be affirmed, with costs.

---

## LANG vs. KIMBALL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Prescription is an exception which does not touch the merits; and when
this exception is overruled, the party should be heard on the merits.

This is an action on a draft by the drawer, against the
drawee, dated Liverpool, 23d April, 1833, payable three
months after date, to the order of the drawer.  It was accepted by the defendant.  The drawer instituted this suit the
22d November, 1838.

The defendant pleaded his peremptory exception, founded
in law, that the plaintiff's claim was prescribed.

. The court ordered this exception to be transferred to the
issue docket, *"being an answer to the merits."*

A witness was called, who stated that the plaintiff gave
him a draft in Liverpool, for about the amount of the present

EASTERN DIST.
*April*, 1840.

LANG
*vs.*
KIMBALL.

one, and desired him to collect it; that on the 17th of November, 1838, he called on the defendant on board his ship (the Garonne), and told him he would be glad if he would pay the bill he had been owing captain Lang something over five years. Mr. Kimball replied that he would be in Liverpool this winter, and *"settle with,* or *pay."* Mr. Lang; witness not remembering whether he used the word *"settle,"* or *"pay."* Witness knows the defendant has been for years past trading between different ports, and is not a resident of Louisiana.

There was judgment against the defendant, and he appealed.

*Wharton,* for the appellee, urged the affirmance of the judgment.

*Benjamin,* contra, insisted that judgment must be reversed; there was no issue joined, or trial on the merits. Prescription is expressly classed among those exceptions which do not go to the merits. *Criminal Practice,* 345.

A judgment cannot stand when there is no issue joined, either expressly by an answer, or impliedly by a default. 7 *Martin, N. S.,* 285 ; 8 *Idem.,* 297, 300, 338.

If we are wrong in this position, we insist that there was no testimony sufficient to deprive us of the benefit of our plea of prescription : there was but one witness who testified that he asked defendant to " pay the bill he had been owing to plaintiff over five years;" defendant replied, " that he would be in Liverpool this winter, and would *settle with,* or *pay,* Mr. Lang;" witness did not remember whether he said *settle,* or *pay.* No amount was specified ; witness spoke of a *bill,* and the suit is on an acceptance of a bill of exchange; witness knew nothing further; and yet on this vague testimony, without specification of the *sum,* or *nature* of the claim, the district judge decided that this conversation was an acknowledgment that defendant owed plaintiff eighty-nine pounds sixteen shillings, with seven years interest, and was a waiver of prescription.

EASTERN DIST.
*April*, 1840.

FISKE
*vs.*
FLEMING'S
SYNDIC.

Prescription
is an exception
which does not
touch the merits;
and when this
exception is
overruled, the
party should be
heard on the
merits.

*Martin, J.,* delivered the opinion of the court.

This is an action on a bill, or draft. The defendant pleaded prescription only. There was judgment against him for the amount of the draft, and he appealed.

His counsel complains, that the plea of prescription having been overruled, judgment was incorrectly given on the merits, and that he ought to have been permitted to answer.

The court, in our opinion, erred. Prescription is an exception which does not touch the merits of the cause. *Code of Practice,* 345.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, and that this case be remanded for further proceedings, according to law; the plaintiff and appellee paying the costs of the appeal.