6r 419
118 958

ROSELINE LEJEUNE *v.* VALENTINE HÉBERT.

A partial payment, before prescription acquired, will interrupt the prescription.

Neither the parties, nor their heirs, nor the witnesses to the act by which a mortgage is stipulated, can take advantage of its non-inscription during the first ten years from its date (C. C. 3316 ;) but it will cease to have effect, even as to them, after that period, if not inscribed before its expiration. C. C. 3333.

The plea of prescription is one of those peremptory exceptions, which, without going to the merits of the cause, show that the plaintiff cannot maintain his action, and may be pleaded specially in every stage of the action, previous to final judgment. Such exceptions raise no issue on the merits. Thus where a judgment by default has been set aside on filing a plea of prescription, and the exception is overruled, the case cannot be tried on its merits, until put at issue by an answer, or by a judgment by default, regularly entered, after the overruling of the exception. C. P. 345, 346.

APPEAL from the District Court of West Baton Rouge, *Diblieux,* J.

SIMON, J. The plaintiff's claim is founded upon a conventional mortgage, executed by authentic act, passed on the 24th of March, 1829, for the purpose of securing the payment of the sum of $1538 80, acknowledged by the defendant to be due to the three minor children of Landry Allain, being the amount of their portion in the succession of their deceased mother. The plaintiff, as one of the heirs, claims the sum of $512 66, with six per cent interest per annum thereon, according to the stipulations of said act, from the 1st of April, 1829, until paid ; and prays that the property mortgaged may be seized and sold to satisfy her demand.

The defendant pleaded the prescription of ten years against the plaintiff's demand and mortgage, alleging that the mortgage is extinguished for want of inscription.

On this issue the case was tried ; and evidence having been adduced by the plaintiff to prove a payment of $75, made on account of her claim, about two years before the institution of this suit, the defendant produced no proof, and judgment was rendered below in favor of the plaintiff for the sum claimed, with a credit of seventy-five dollars, ordering the same to be recovered with mortgage on the property described in the petition ; from which judgment, after having vainly attempted to obtain a new trial, on

the ground that the case could not be legally tried on its merits, as there was no issue joined, or answer filed on the merits, the defendant has taken this appeal.

From the evidence adduced it appears, that the act of mortgage sued on, was executed on the 24th of March, 1829, and that, at the time this suit was instituted, (26th October, 1843,) the plaintiff was thirty-two or thirty-three years of age. It has not been shown, that the act of mortgage was inscribed in the book of conventional mortgages kept by the Judge of the parish where the property is situated, before the expiration of ten years from its date ; so that more than fourteen years had elapsed between that date, and the filing of the plaintiff's petition, without its having ever been inscribed.

The defendant's counsel has contended : 1st. That the plea of prescription should have prevailed, the debt having been created more than ten years previous to the institution of this suit.

2d. That the Judge, *a quo*, erred in giving effect to a mortgage which was extinguished by the lapse of time, it not having been inscribed, according to law, before the expiration of ten years from its date.

3d. That the new trial applied for should have been granted ; as, after overruling the plea of prescription, the case should have stood before the court for an issue to be made on the merits, either by an answer or judgment by default.

I. The prescription as to the debt itself, was interrupted by the partial payment made by the defendant, previous to its having been acquired. The evidence shows that the payment was made on account of the debt sued on, and was so made at the request of plaintiff's husband, in whose name, as the witness states, he applied to the defendant for a horse, in part payment of what was due to the plaintiff. This was consented to by the defendant ; the horse was selected by the witness ; the value thereof was agreed on between him and the defendant to be $75 ; and the horse was delivered in part payment of the debt sued on. This amounts to an acknowledgment of the debt on the part of the defendant, sufficient to interrupt the prescription, as the plaintiff, though

emancipated by marriage,* could not be prescribed against, but by ten years from the age of majority.

II. This question was presented to our consideration in the case of *Minor* v. *Alexander*, (ante, p. 166,) in which, after a full investigation of the point, we held, that although, under art. 3316 of the Civil Code, neither of the contracting parties could take advantage of the non-inscription of a mortgage, still it was necessary, under art. 3333, in order to preserve its effect after the expiration of ten years, that the act in which the mortgage is stipulated, should be inscribed in the manner prescribed by law. We said, that so long as ten years had not elapsed, the mortgage should continue to have its effect between the contracting parties, without inscription ; but that such effect should cease after that period, if the act was not inscribed before its expiration. This construction of the two articles, which, at first blush, appear inconsistent and contradictory, gives effect to both ; and as we have no reason to be dissatisfied with our first opinion on this subject, and as, in this case, more than fourteen years had elapsed since the execution of the mortgage, without its having been inscribed, we must again hold, that its effect had ceased, and that the property became free from the incumbrance, long before the institution of this suit.

III. The record shows, that a judgment by default had been entered against the defendant, and that it was set aside by the filing of his plea of prescription. This plea was one of those peremptory exceptions, which, the law says, *without going into the merits of the cause, show that the plaintiff cannot maintain his action*, and may be pleaded specially in every stage of the action, previous to final judgment. Code of Practice, arts. 345, 346. Such exceptions do not present any issue on the merits ; and although, under art. 336, the defendant must plead in his answer, all the peremptory exceptions on which he intends to rely, or

---

* The plaintiff in this case was of full age before her marriage. *Mathurin Lejeune*, a witness examined on the trial, testified, that she was then about thirty-three or thirty-four years of age, and that it was about four years and eleven months since she was married.

which he is bound to plead expressly and specially, we under-stand, that such exceptions being distinct from the merits of the cause, the defendant cannot be precluded from answering to the merits, after the overruling of his peremptory exceptions so ex-pressly and specially pleaded; and that the case cannot be tried on its merits, unless it be put at issue by an answer, or by a judg-ment by default, regularly entered, after the exceptions are over-ruled. This is in accordance with our decision in the case of *Lang* v. *Kimball*, 15 La. 200, and with several other decisions, in which this court has held, that a judgment rendered, without issue joined upon the merits, or without a judgment by default, is irregular. 7 Mart. N. S. 285. 8 Ib. N. S. 297, 300. Here, the Judge, *a quo*, could not, after having tried the exception only, render a final judgment on the merits of the case, without allowing the defendant to join issue, or without a judgment by default having been taken against him. We think that the new trial should have been grant-ed, for the purpose of proceeding according to law.

It is, therefore, ordered, that the judgment of the District Court be annulled and reversed; that the plea of prescription filed by the defendant, as it regards the personal action, be overruled; that the said plea, as it relates to the effect of the non-inscribed mortgage declared on in the petition, be sustained; and that this case be remanded for further proceedings, according to law; the plaintiff and appellee paying the costs of the appeal.

*R. N.* and *A. N. Ogden*, for the plaintiff.

*Labauve*, for the appellant.