## No. 1463.—SUCCESSION OF J. H. HILLEBRANDT.

Parol evidence is inadmissible to prove any acknowledgment or promise of a party deceased to pay any debt or liability against his succession. Acts of 1858, page 148.

APPEAL from Second District Court of New Orleans. *Thomas, J. Clark & Bayne,* for appellant, *W. C. Budd,* for appellee.

WYLY, J. The executor of the succession of Hillebrandt filed his account, which was opposed by J. Kohn, the executor of the succession of Samuel Kohn, because the claim of the latter, to wit, a mortgage note for $6500, due twenty-sixth day of January, 1857, was not placed on the tableau.

On the trial the executor of the succession of Hillebrandt set up various defenses against the note in favor of Samuel Kohn. The most serious one seems to be the prescription of five years, which we propose to consider first.

The note on its face is evidently prescribed. Numerous credits, extending from fourth February, 1857, to the tenth of July, 1866, were indorsed on the note but not signed by any one.

Parol testimony was received, which proves that the payments were made as the indorsements show; but more than five years elapsed between the last payment and the one preceding it. Prescription had therefore accrued before the last payment was made. The court very properly refused to receive the indorsements of credits as evidence, because they were not signed by the deceased.

Parol evidence can not establish the renunciation of prescription on a promissory note.

The second section of the act of eighteenth of March, 1858, provides "that hereafter parol evidence shall not be received to prove any acknowledgment or promise of a party deceased to pay any debt or liability against his succession in order to take such debt or liability out of prescription, or to receive the same after prescription has run or been completed, but that in all such cases the acknowledgment or promise to pay shall be proven by written evidence signed by the party deceased or his specially authorized agent, or attorney in fact." Acts 1858, page 148.

The opponent contends that the payment made after prescription had accrued revived the debt, and relies on article 3424 of the Civil Code, which declares that "renunciation of prescription is either express or tacit, a tacit renunciation results from a fact which gives a presumption of the relinquishment of the right acquired by prescription."

The act of 1858 referred to requires a certain kind of evidence to establish the express renunciation of prescription. We apprehend the same character of evidence is required to establish the fact creating the presumption of relinquishment or tacit renunciation.

If parol evidence can not prove a direct promise to pay we do not see how it can prove a fact which creates an implied promise to pay. We do not find in the record any written evidence of the alleged payments signed by the deceased nor any express renunciation. The bill of exception was well taken to the introduction of parol evidence to take the note out of prescripton.

It is therefore ordered that the judgment of the lower court dismissing the opposition be affirmed with costs.

Rehearing refused.