No. 743.—P. J. PAVY *v.* ELIZABETH ESCOUBAS, Administratrix.

Proving that a debtor paid a sum credited on his note on the day and date that the credit is made on the note, is tantamount to proving an acknowledgment of the debt. Parol evidence to establish such credit is, therefore, inadmissible after the maker of the note has died and payment is sought to be enforced against his succession. 21 An. 300.

APPEAL from the Eighth Judicial District Court, parish of Calcasieu. *King*, J. *George H. Wells*, for plaintiff and appellee. *Louis Leveque*, for defendant and appellant.

TALIAFERRO, J. The defendant, in her capacity of administratrix of the estate of her deceased husband, is sued upon a promissory note executed by him on the tenth of March, 1862, in favor of Lobit, Charpentier & Co. or their order for $3183 61, made payable on the fifteenth of March, 1863, and stipulating the payment of interest at eight per cent. per annum from maturity until paid. On the fourteenth of April, 1860, the maker of this note mortgaged several tracts of land lying in the parish of Assumption to secure the payees of the note against loss or liability they might incur from advances, acceptances and indorsements to be made by them for the benefit and accommodation of Escoubas, not at any time to exceed the sum of $10,000 on the whole. The act of mortgage declares that it is to inure to the benefit of any future holder of the obligations to be accepted or indorsed by Lobit & Charpentier, contains the pact *de non alienando* and stipulates the payment by the mortgageor of attorney's fees, if any should be incurred in the enforcement of the agreement entered into between the parties. The note sued upon was transferred by the payees to the plaintiff, who brings this action. Two credits are indorsed on the note, one dated July 13, 1866, for $1500, the other dated June 21, 1867, for $872 31.

The defendant filed the plea of prescription, and afterwards an answer containing a general denial. Judgment was rendered in the court below in favor of the plaintiff for the remainder due on the note, after deducting the credits, with recognition of the mortgage, and decreeing its enforcement against the mortgaged property, and awarding likewise in favor of the plaintiff five per cent. of the amount of the judgment for attorney's fees.

From this judgment the defendant has appealed.

There are several grounds of defense taken, but we deem it unnecessary to examine more than one, that of prescription. It is contended on the part of the plaintiff that the act of 1858, excluding, in cases of deceased persons, parol evidence to establish an acknowledgment or promise to pay a debt or liability in order to take such debt or liability out of prescription, has no application to this case, inasmuch as the evidence introduced was to prove simply the fact that the maker of the note paid on it the amounts credited and thus establish an inter-

ruption of prescription, and that this is not proving by parol a promise to pay a debt or liability according to the intendment of the act of 1858. When the maker of a note pays a part of its amount we think he impliedly admits the existence of a debt and his obligation to pay it. Proving, therefore, that a debtor paid a sum credited upon his note is, in substance, proving this implied admission or acknowledgment of a debt, and a party is not permitted to prove by parol an acknowledgment of a debt by a person since deceased. We expressed this view in the matter of the succession of Hildebrandt, 21 An. 350, a case presenting the same question that arises in the one now before us.

We think the exception should have been sustained and judgment given in favor of the defendant.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the defendant, the plaintiff and appellee paying costs in both courts.