## No. 9486.

### LOUISE HARVEY VS. GEORGE PFLUG.

If any one, under pretence of rights afterwards judicially determined to be unfounded, uses process of law to restrain another in the prosecution of a lawful claim, he cannot use the delay his own act has caused to defeat the claim he has wrongfully resisted. A party cannot provoke and protract litigation based on his refusal to deliver leased premises, and then avail himself of the lapse of time to avoid damages for his wrongful refusal. Prescription does not run pending the litigation thus provoked.

Where proceedings in ejectment have been taken and the defendant justifies his holding possession under an alleged unexpired lease and the issue has been determined against him, he cannot afterwards, when sued for damages for illegal retention of the property, set up again the alleged unexpired lease. The ejectment suit is *res adjudicata* upon that and cognate matters.

Among the damages that a lessor is entitled to recover from a recalcitrant lessee who unlawfully retains the leased premises is a bonus that another lessee has *bona fide* offered for a long lease, the rental during detention that such other lessee has engaged to pay, the attorney's fees paid by the lessor in getting possession of his property, and compensation for whatever advantages have been lost by the lessee's obstinate withholding possession.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*Jas. D. Séguin* for Plaintiff and Appellee.

*Henry P. Dart* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The object of this suit is the recovery of damages caused by a lessee's unlawful retention of the leased premises.

In December 1880 and for some years antecedent thereto the defendant was lessee of certain property from the plaintiff by the month at $45 a month under a verbal lease. During that month Mrs. Clark offered the plaintiff to lease the premises occupied by Pflug for five years at fifty dollars a month, to make improvements of not less than $300 in value, and to pay cash a bonus of one thousand dollars for such lease. The plaintiff informed her that before her offer could be accepted Pflug must have the option of keeping the premises upon the terms and for the price offered by her. This new lease was not to begin until the following February. Pflug was promptly apprised of this offer and the option was given him of retaining the property. He did not avail himself of it.

On the last day of December the plaintiff entered into the contract of lease with Mrs. Clark and received from her one thousand dollars as a bonus. On the same day a written notice was served on Pflug requiring possession of the premises on the first of the following February.

Pflug did not vacate and on that day suit for possession was instituted in the proper court of Jefferson parish. The premises are immediately below Harvey's Canal and facing the Mississippi river and consisted of a brick house used as a shop or store.

The litigation thus begun did not end until January 10, 1882. Pflug interposed various exceptions in the Justice's court which were over ruled, and then answered setting up a lease of the premises from the husband of the plaintiff from November 1, 1880 for a year, and by supplemental answer and peremptory exception sought to oust the Justice of jurisdiction by averring that this lease exceeded one hundred dollars. Before decision of that issue, he applied to the District Court for a prohibition against the Justice taking further cognizance of the cause and obtained it. The Circuit court on appeal reversed that decision and ordered the Justice to proceed, and trial being had and judgment rendered against Pflug, he suspensively appealed to the District court which affirmed the judgment against him in January 1882 and he vacated eight days afterwards. This was nearly a year after the time when the plaintiff was entitled to possession and nearly three months after the expiration of the lease claimed by the defendant.

Meanwhile the plaintiff refunded to Mrs. Clark the bonus of one thousand dollars and in June 1882 instituted this action. The sum claimed is made up of the following items;—

| | |
|---|---:|
| Bonus refunded | $1,000 |
| Rent lost for 11 months 18 days at $50 a month | 580 |
| Value of improvements that were to have been made | 300 |
| Attorney's fees | 350 |
| | $2,230 |

After a general denial and the plea of one year's prescription the defendant avers that at the time the ejectment suit was instituted in February 1881 he was in possession of the premises under an unexpired verbal lease from the plaintiff's husband for the yearly sum of $540 payable in monthly instalments of $45, and that the husband who acted and represented himself as owner repeatedly from year to year promised to allow that lease to continue on the same terms and conditions— that on the faith of this promise the defendant had made improvements worth $1200, and had besides expended other sums in painting etc.— that Mrs. Clark was his rival in business and neighbour and had mad the offer above detailed to get rid of him and monopolize the trade which seems to be considerable—and that when Mr. Harvey informed him of Mrs. Clark's offer he remonstrated that this was in violation of

Harvey vs. Pflug.

his lease, and afterwards the plaintiff a stranger theretofore to him began the proceedings in ejectment. He claims $2,000 in reconvention as damages for loss of time, breaking up his business, cost of improvements, and disbursements for court costs and lawyer's fees.

The plaintiff moved to strike out all the reconventional demand except the item for repairs and improvements and it was done, and the case was tried by a jury. The plaintiff had a verdict for $1800 and there was judgment for that sum with interest from judicial demand.

The plea of prescription may be disposed of at once. During the pendency of the litigation provoked by the defendant's own acts, prescription did not run against the plaintiff. Even if the damages claimed are *ex delicto* less than a year elapsed from the close of that litigation to the beginning of this suit. A party cannot provoke and protract litigation based on his refusal to deliver leased premises and then avail himself of the lapse of time to avoid damages for his wrongful refusal. If any one, under pretence of rights judicially determined to have been unfounded, uses process of law to restrain another in the prosecution of his lawful claim, he cannot use the delay his own act has caused to defeat the claim he has wrongfully resisted. Boyle v. Mann, 4 Ann. 170; Stanbrough v. McCall, Ibid. 322; Martin v. Jennings, 10 Ann. 553.

As to the ownership of the leased property the proof that it is in the plaintiff is satisfactory, and there is abundant evidence throughout the record that when Pflug was verbally leasing from the plaintiff's husband and otherwise transacting business with him he knew that Mr. Harvey was merely a business-man for his wife and that the property was hers. The verbal lease from the husband for a year that Pflug had set up was not proved. It is true Pflug complains that he was prevented from proving it by the plaintiff's objection to its admission on the ground that the ejectment suit was *res adjudicata* on that and cognate matters. The objection was well taken. Pflug had resisted the ejectment on the ground of a pending lease and pleaded rightfulness of possession under it, and that issue had been determined against him. He cannot raise it again.

Sixteen written charges were presented to the judge to be given to the jury. He refused to give any of them and after examination of them we approve his refusal. We cannot say less and to say more would require an essay.

It is quite clear that the plaintiff is entitled to recovery. She has lost the bonus and the rent. The verdict gives her both and more, but not the whole of the two other items. She has paid $150 attorney's. fees, and assuming that they are included in the verdict a small sum would seem to have been allowed for lost improvements. At any rate however the jury may have made up the sum we are satisfied the total is what it should be.

Judgment affirmed.