(51 South. 200.)

No. 17,615.

Succession of DRISCOLL et al.

(Jan. 17, 1910.)

*(Syllabus by the Court.)*

1. PRESCRIPTION. — PAYMENT — EVIDENCE — ADMISSIBILITY.

Under article 2278 of the Civil Code of 1870, parol evidence and memoranda not signed by the creditor are not admissible to prove any acknowledgment or promise of a party deceased to pay any debt or liability, in order to interrupt prescription or to revive the claim after prescription has run. An acknowledgment by payment on account is included in the prohibition.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 593–596; Dec. Dig. § 146.*]

2. PRESCRIPTION—WAIVER.

An administrator has no power to waive or renounce an acquired prescription by any form of acknowledgment.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 582; Dec. Dig. § 143.*]

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

In the matter of the succession of Mary Driscoll and others. On the final accounting Maggie Sullivan, executrix of the succession of P. Redmond, filed an opposition. Opposition dismissed, and opponent appeals. Affirmed.

J. P. Sullivan, Arthur Landry, and W. S. Parkerson, for appellant. Favrot & Friedrichs and Ernest T. Florance, for appellees.

LAND, J. The administrator filed his final account and tableau of distribution on which appeared among the liabilities the following item:

Succession of Mrs. Redmond, money loaned ...........................$ 800 00

Mrs. Maggie Sullivan, as the executrix of the succession of Mrs. P. Redmond, filed an opposition, praying that said succession be placed on the account as a creditor for the sum of $800, with legal interest from the ——— day of July, 1908, and that the said account be further amended by striking therefrom all the items not fully proved to be due, and that all other items be reduced to proper and reasonable amounts.

It may be stated, in explanation, that on the account as first drafted and exhibited to counsel for the opponent, the name of the succession of Mrs. Redmond did not appear as a creditor, but was entered thereon before the account was filed in court.

During the trial below the administrator pleaded the prescription of three years against the demand of the opponent.

In his reasons the trial judge, after reviewing the evidence, says:

"The plea of prescription is maintained, and the opposition of Mrs. Maggie Sullivan is not proved, and it is dismissed at her cost."

The formal judgment, as rendered and signed, however, maintains the plea of prescription, and is silent on the merits of the claim.

The opponent has appealed from the judgment. In the opposition it is alleged that many years before his death Daniel Driscoll had borrowed from Mrs. Widow Patrick Red

mond the sum of $1,000, the same to be used in his business; that the said indebtedness was acknowledged by the said Driscoll in writing, and that he admitted the same to be due up to the time of his death; that the said Driscoll from time to time made sundry payments to the said Mrs. Redmond, an account of which he kept, and at the time of his death owed her a balance of $800.

There is no direct evidence that Mrs. Redmond loaned Driscoll $1,000, or any sum of money; but it appears from certain memoranda in the handwriting of Driscoll, but not signed by him, that in 1892, 1893, 1894, and 1895 he paid to Mrs. Redmond from month to month sundry sums of money ranging from $2 to $20, and that such payments were apparently on account of some indebtedness which Driscoll or his firm owed Patrick Redmond. D. Driscoll & Bro. gave to P. Redmond checks as follows: October 23, 1891, $75; April 16, 1892, $100; and July 29, 1892, $60. The amounts of these checks and payments subsequently made to Mrs. Redmond appear in the same column, in Driscoll's handwriting, on the back of one of his business letter heads. In Driscoll's memorandum book payments to Mrs. Redmond seem to have been regularly entered until the close of 1895. On one of the pages there appears an entry, of date "May 9, '03. Mrs. P. Redmond. Paid $5.00," and on the inside of the covers three entries of small amounts appear without date of the year. We think it very probable that Driscoll owed some debt to Patrick Redmond, and after the latter's death continued making payments on account to his widow.

Driscoll died on September 14, 1907, and the account of his administrator was filed July 3, 1908. Hence more than four years elapsed between the last payment to Mrs. Redmond, entered on the book of Driscoll, and his death, and more than five years between the said last payment and the listing

125 La.—10

of the claim on the account. The only evidence of any specific sum remaining unpaid is the testimony of Mrs. Sullivan to the effect that Driscoll shortly before his death admitted that he owed Mrs. Redmond $800, and made one or two payments of $10 each on account. The statement of Mrs. Redmond, made shortly before her death, that Driscoll owed her $800, has no value as evidence.

An action for money lent and on all accounts is prescribed by three years, and "this prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced." Civ. Code, art. 3538, as amended by Act No. 78, p. 86, of 1888. Hence the prescription of three years applies to the claim of the opponent.

The administrator objected to parol evidence to prove acknowledgments or payments made by the deceased on the issue of prescription. The evidence was taken down, but the judge finally ruled that it was inadmissible. Article 2278 of the Civil Code, as amended by Act No. 121, p. 219 of 1886, reads as follows:

"Parol evidence shall not be received: * * *
"To prove any acknowledgment or promise of a party deceased, to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed. * * *
"(4) To prove any acknowledgment or promise to pay any debt or liability evidenced by writing, when prescription has already run."
"But in all cases mentioned in this article the acknowledgment or promise to pay shall be proved by written evidence signed by the party, who is alleged to have made the acknowledgment or promise, or by his agent or attorney in fact specially authorized in writing so to do."

In Pavy v. Escoubas, Adm'r, 23 La. Ann. 531, it was held that proving that a debtor paid a sum credited upon his note is, in substance, proving an implied admission or acknowledgment of a debt, and a party is not permitted to prove by parol an acknowledgment of a debt by a person since deceased. In that case the payments sought to be

proved were made within the prescriptive period of five years from the maturity of the note sued on. See, also, Succession of Hillebrandt, 21 La. Ann. 350.

In Coyle v. Succession of Creevy, 34 La. Ann. 543, the court said:

"The sums claimed are averred to have been loaned on March 3, and April 18 and 22 of 1876.

"A claim for the reimbursement of money loaned is effectually barred by the prescription of three years, where no interruption is shown. Rev. Civ. Code, art. 3538.

"The attempt to prove interruption by entries, from a memorandum book kept by Coyle's subrogor, of payments made by Creevy, on account of the loan, and unsigned by the latter, is of no avail.

"Under Article 2278, Rev. Civ. Code, oral testimony was inadmissible, and, even if received without objection, it could not be considered. * * *"

·Citing authorities, and reaffirming Pavy v. Escoubas, 23 La. Ann. 531.

Counsel for opponent cites Henry Block Co. v. Papania, 121 La. 683, 46 South. 694. But that was a suit on an account against a living person, and, therefore, article 2278 of the Civil Code had no application. In discussing the latter article the court said:

"So the second clause (having reference to parties no longer living) declared that no parol acknowledgment or promise on their part to pay a debt or liability in order to take such debt or liability out of prescription (interruption of prescription) or to revive the same after prescription has run or been completed shall be received."

A payment on account interrupts prescription, because it implies an acknowledgment of the claim.

The law in question prohibits parol proof of all acknowledgments whatever their form, in the matter of prescription, where the debtor is dead.

It is finally contended that the administrator waived prescription by placing the claim on his account. This action of the administrator was equivalent to an acknowledgment of the claim sufficient to interrupt the current of prescription; but an administrator has no authority to renounce prescription once acquired. In Succession of Romero, 31. La. Ann. 721, the court, through Mr. Justice White, held that an administrator has no power to waive or renounce an acquired prescription by any form of acknowledgment.

The plea of prescription was properly sustained.

Judgment affirmed.