No. 2216.
Second Circuit Appeal.

S. J. HARPER v. JOHN BARTON.

(June 6, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest — Prescription — Par. 107.

Under Article 3538 of the Civil Code, as amended by Act No. 78 of 1888, items on an account over three years old at the time suit is brought (citation made) are prescribed.

Appeal from Fifth Judicial District Court of Louisiana, parish of Winn. Hon. J. E. Reynolds, Judge.

A. Leonard Allen, of Winnfield, attorney for plaintiff, appellant.

Moss, Peters & Ware, of Winnfield, attorneys for defendant, appellee.

CARVER, J. Plaintiff sues defendant for $243.45, besides interest, alleged balance due on open account. Annexed to the petition is an itemized statement of the goods alleged to have been purchased and the credits; the debit side beginning March 15, 1919, with an item of balance due on phosphate, $32.00, and then showing no further item until March 6, 1920, when frequent purchases are charged in March, April, May, June, July, August, September, October and November, 1920, the last item for that year being November 26. Nothing is charged then until August, 1921. Interspersed are various credits of cash throughout 1920 and 1921 both.

Defendant denies owing the debt, and alleges that he did not trade with plaintiff at all during the years 1920 and 1921. He also pleads the prescription of three years.

Citation was served December 14, 1923.

The district judge gave plaintiff judgment for $47.50, being the total amount of the purchases made in 1921, holding that payments of $41.55 made in that year should be imputed to the oldest items on the account, and holding, further, that all of the items for 1920 were prescribed.

Plaintiff appealed and defendant does not ask for any amendment of the judgment.

Plaintiff contends, in this court, that the various payments made in 1921 were tacit acknowledgments of the debt which interrupted the prescription of three years.

Defendant claims that under Civil Code, 3538, as amended by Act 78 of 1888, the interruption of prescription on open accounts can only be proved by written acknowledgment.

The pertinent parts of the original article and of the act amending it are as follows:

"The following actions are prescribed by three years:   *   *   *

"That on the accounts of merchants, whether selling for wholesale or retail.   *   *   *

"That on all other open accounts.

"This prescription only ceases from the time there has been an account acknowledged, a note or bond given, or an action commenced."

Act 78 of 1888 provides:

"That Article 3538 of the Revised Civil Code of Louisiana be amended and re-enacted so as to read as follows:

" 'Art. 3538. The following actions are prescribed by three years:  *  *  *     .

"That on the accounts of merchants, whether selling for wholesale or retail.

"That on all other accounts.

"This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced."

The changes were in striking out the word "open" between the words "other" and "accounts" and in interpolating the words "in writing" after the word "acknowledged."

Defendant's contention appears to be sustained by the decision in Sleet vs. Sleet, 109 La. 302, 33 South. 322.

In that case the plaintiff sued for a balance on open account running some eighteen years and consisting mainly of wages due him by the defendant, but in part of other things; the account being credited from time to time with money and goods received by plaintiff from defendant and being balanced at the end of each year. Plaintiff kept the books, but the court found that defendant had access to them and probably knew what they showed. At any rate, defendant did know that plaintiff was drawing goods and money on the account.

The court, considering Article 3538 as amended, held that all items on the account over three years old at the time the suit was brought were prescribed, virtually holding that the credits on the account, not constituting, as to defendant, written acknowledgments, did not interrupt prescription.

We think it clear that if this decision correctly expresses the law, the judgment of the lower court was unquestionably correct.

But learned counsel of plaintiff cites three later cases which, he claims, sustain his contention that prescription on an open account can be interrupted by a payment.

These are:

Block vs. Papania, 121 La. 683, 46 South. 694.

Succession of Driscoll, 125 La. 287, 51 South. 200.

Lewis vs. American Creosote Works, 150 La. 194, 90 South. 566.

In the Block case, the court said:

"We do not think it was the intention of the General Assembly to cut off absolutely 'interruptions' of prescription under the short prescriptions unless the evidence thereof in writing should be produced, while allowing parol evidence to be introduced to establish the interruption of prescription upon claims or debts evidenced by writing to which the larger five-year prescription is applicable."

But the thing relied on in that case as interrupting prescription was not an acknowledgment implied by a payment but an express promise to pay.

The court quotes from the opinion of the Court of Appeal as follows:

"The account is on its face prescribed; but the testimony is conclusive that the defendant on several occasions before prescription had accrued verbally promised to pay the debt."

We take this to mean that he not only owed a debt but knew the amount of it and that the promise related to a specific debt.

The court further said:

"The present decision in no wise departs from that of Sleet vs. Sleet, 109 La. 303, 33 South. 322."

In the Driscoll case the court was not dealing with an open running account composed of various items, but with a single transaction of a loan of $1,000.00. Moreover, the plea of prescription was sustained, the court holding that parol was not admissible to prove interruption as against a party deceased.

The Lewis case, too, was not one of an open running account composed of different items, but though declared to be an account was a single transaction, being a purchase of ten carloads of creosote oil.

In neither the Driscoll nor the Lewis case was it intimated that the Sleet case was to be regarded as overruled.

Counsel also cites the following cases:

Butler vs. Ford, 9 Rob. 112.

Lejeune vs. Hebert, 6 Rob. 419.

Wilson vs. Bannen, 1 Rob. 566.

McGinty vs. Henderson, 41 La. Ann. 382, 6 South. 658.

The McGinty case, it is true, was decided in 1889, but it was brought in 1887 before the change in the law which, therefore, could have had no bearing on the controversy. Moreover, it turned on the construction of Article 2278, and the holding was that payments made by checks were not parol but written evidence. Then, too, the case involved not a running account but a single loan of $35,000.00.

The other cases cited were decided before the change in the law, and all of them dealt with single debts and not running accounts composed of various items.

In the Butler case it was a note.

In the Lejeune case it was a debt secured by mortgage.

In the Wilson case it was a single freight bill, and the question was not interruption of prescription but suspension by reason of holding the freight in pledge.

In all these cases that involves payment it was clear that the payments did imply acknowledgments of the debts, because in each of them the payment could have applied only to the specific debt claimed by the creditor and to nothing else.

But in this case the account is not a single transaction but a running account composed of various items and, indeed, apparently consisting of two different accounts.

On November 26, 1920, the account shows a balance due by plaintiff of $236.50, and thereafter it proceeds as follows:

| 1921 | | Cr. | Dr. |
|---|---|---|---|
| Aug. 20 | | | $ 3.20 |
| Sept. 3 | | | 7.55 |
| Sept. 5 | | $ 7.55 | |
| Sept. 10 | | | 1.60 |
| Sept. 20 | | | 12.20 |
| Sept. 20 | | 2.00 | |
| Oct. 8 | | | 7.60 |
| Oct. 8 | | 7.00 | |
| Nov. 5 | | | 2.10 |
| Dec. 3 | | | 6.85 |
| Dec. 3 | | 10.00 | |
| Dec. 17 | | 5.00 | |
| Dec. 17 | | | 6.40 |
| 1922 | | | |
| Jan. 2 | | 10.00 | |
| Total | | $41.55 | $47.50 |

There is no testimony going to show that the account was rendered or that defendant knew in 1921 how much plaintiff claimed against him or that in making the payments in 1921 and 1922 he intended them to apply to an account, the amount of which he did not know. He, himself, swears that he owed nothing, having done no trading with plaintiff either in 1920 or 1921. We are satisfied he is mistaken about this, the plaintiff having abundantly proved that he did get all the goods charged on the account; but he did not prove that defendant knew how much this account was or that he made the payments as implied acknowledgments of the correctness thereof; and the dates and amounts would rather seem to indicate that in making the various payments in 1921 he was paying on the goods bought that year.

The first payment in 1921 was $7.55, the exact amount of the purchase made two days before. It is reasonable to suppose that this payment was intended to cover that particular purchase, and hence could not be regarded as an acknowledgment of anything else. The subsequent payments never did amount to quite as much as the purchases previously made in 1921 and together totalled $5.95 less

than those purchases. In view of this and in the absence of all testimony tending to show that the payments made in 1921 were intended to apply to the running account generally, especially as this account seems not to be one account but two, with an interval between them of nearly nine months, we do not think the payments can be regarded as implied acknowledgments of the account so as to interrupt prescription thereon even if such an acknowledgment as is implied by a payment can do so in any case of open account, as to which we express no opinion.

The judgment of the lower court is affirmed—Reynolds, J., recused.