It was entirely proper for the municipality to submit the proposition just as it did. There was no irregularity at all.

The judgment of the district court holding that plaintiffs' action was barred by the prescription of 60 days was correct and is accordingly affirmed at the costs of appellants.

171 So. 43

**REED v. SUCCESSION OF GIBSON.**

No. 33894.

June 30, 1936.

On Rehearing Nov. 30, 1936.

See, also, 183 La. 1037, 165 So. 192.

Pierre Morere, of New Orleans, for relator.

Legier, McEnerny & Waguespack, of New Orleans, for respondent.

Frank W. Hart, of New Orleans, for civil sheriff.

BRUNOT, Justice.

The relator alleges that, on the 10th day of October, 1935, Mrs. Martha M. Reed issued executory process and caused certain described real estate belonging to the succession of Mrs. Matilda B. Gibson to be seized thereunder and advertised for sale, to enforce the payment of a certain promissory note for $1,200, dated December 30, 1926, made by the late Matilda B. Gibson, to her own order and by her indorsed, payable on or before three years after date, bearing interest at the rate of 8 per cent. per annum from date and paraphed "Ne Varietur" by Joseph Laitenschlager, notary public, to identify it with an act of mortgage passed before said notary on December 30, 1926.

It is alleged that said note was prescribed, on its face, approximately nine months before executory process was issued thereon. It is alleged that executory process

issued on said note more than one year after the death of its maker. It is alleged that relator petitioned the civil district court for the parish of Orleans for a rule upon Mrs. Martha M. Reed and the civil sheriff of said parish, to show cause why a writ of injunction should not issue, enjoining and restraining the said sale.

The rule issued, as prayed for, and, in due course, it was tried. On the trial thereof, counsel for Mrs. Martha M. Reed, the plaintiff in the executory proceeding, offered and tendered oral testimony to prove that prescription on the note upon which executory process issued had been interrupted by verbal acknowledgments of the maker thereof, at various times, prior to her death. This proffered testimony was promptly objected to, but the objection was overruled, the testimony was admitted, and, on March 19, 1936, the following judgment was rendered:

"It is now ordered, adjudged and decreed that the rule nisi be recalled, and that the preliminary injunction herein prayed for be and the same is hereby denied, at the costs of the plaintiff in injunction."

A rehearing was applied for and overruled and relator applied to this court for writs of mandamus and prohibition. A writ of certiorari and rule to show cause, coupled with a stay order, issued and, in response thereto, the record has been sent up, the trial judge and Mrs. Martha M. Reed, respondents, have filed their returns. Mrs. Reed, respondent, has filed an opposition to the writ, and relator has filed an answer to the respondents' returns. The record being thus made up, the case is submitted for our consideration and decision.

This is the third time this matter has been before us. Our supervisory powers were first invoked by relator in an effort to enforce the trial of the case on the merits. Later, a writ of mandamus was sought to compel the granting of an injunction. At that time we found that the relator's application for relief was premature, and it was denied for that reason.

The trial judge's return reviews the entire record, which consists, in part, of the record in the suit of Robert Lewis and Mrs. Lenora Lewis Prosper v. Mrs. Martha M. Reed, No. 207011 of the docket of the civil district court.

The return of Mrs. Martha M. Reed merely adopts and submits, as her return, the return of the trial judge.

Mrs. Martha M. Reed, plaintiff in the foreclosure proceedings in the civil district court, and respondent in this proceeding, contends that prescription of the note foreclosed upon was interrupted, first, by payments thereon; second, by the maker's verbal acknowledgment of the debt; and, third, by the suit of Robert Lewis and Mrs. Lenora Lewis Prosper v. Mrs. Martha M. Reed, No. 207011 of the docket of the civil district court.

It is shown that the foreclosure proceedings were filed more than one year after the death of the maker of the note. It is shown that the note was prescribed, on its face, when the foreclosure proceedings were filed. It is shown that the suit of Robert Lewis and Mrs. Lenora Lewis Pros-

per v. Mrs. Martha M. Reed was filed after the death of Mrs. Matilda B. Gibson, the maker of the note foreclosed upon, but before the succession of the deceased was opened, and by mere presumptive heirs of the deceased. It is shown that, when judgment in the suit of said presumptive heirs against Mrs. Reed was rendered, the note, upon which foreclosure proceedings were subsequently filed, had previously prescribed.

The learned trial judge, in his return, says:

"I am of the opinion that, even if parole evidence is not admissible in this case to prove payments actually made upon this note, and admissions of the amount represented by the note, then prescription still was interrupted by the fact that when Robert Lewis, * * * and his sister, Mrs. Lenora Lewis Prosper, filed their suit in proceedings No. 207,011 of the docket of the Civil District Court, on April 17, 1934, that the filing of that suit was an action filed upon the indebtedness due by Mrs. Lewis to the plaintiff in the foreclosure proceedings. That suit was brought within two months of the date of Mrs. Lewis' death, i. e., March 2nd, 1934. That suit was allotted to my division of the Civil District Court, and the purpose of the suit was to have this $1200.00 mortgage note, the foreclosure of which is attempted to be restrained, declared invalid, because it was alleged that the note had been secured through fraud, and without consideration. Mrs. Reed, defendant in that suit, and plaintiff in foreclosure proceedings, met this issue, and, on April 3rd, 1935, I decided that cause in her favor, holding that the mortgage note now foreclosed upon was not secured through fraud, but had been secured legitimately and for a valuable consideration. No appeal was taken from this decision. * * * It is my opinion that the suit brought by Robert Lewis and his sister, Mrs. Lenora Lewis Prosper, against Mrs. Reed, was a suit upon the indebtedness, and the bringing of that suit interrupted prescription. * * * I further believe that as long as that suit was pending prescription was interrupted." (It would appear that the district judge, in his opinion, has twice inadvertently substituted the name of Mrs. Lewis for that of the decedent, Mrs. Matilda B. Gibson.)

The learned trial judge cites both case and text law in support of his conclusion. The authorities cited would be unanswerable if Robert Lewis and Mrs. Lenora Lewis Prosper were the makers of the note foreclosed upon and, as such, the debtors of Mrs. Martha M. Reed, or, possibly, if the plaintiffs in their said suit were acting as the legal representatives of the succession of the deceased debtor, but as they were neither debtors of Mrs. Reed, nor representing the succession of the deceased debtor, the cited authorities do not apply.

Prior to the passage of Act No. 207 of 1906 it was not possible to revive the prescribed debt of a deceased person except by written evidence. Act No. 207 of 1906 provided that this could be done by credible corroborating oral testimony if the action upon the alleged indebtedness was brought within twelve months after the death of the debtor. This act was amended by Act

No. 11 of 1926. Omitting the title and the repealing clause, the act consists of two sections, which have been the law of this state since June 17, 1926. They are as follows:

"Section 1. Be it enacted by the Legislature of Louisiana, That Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve (12) months after the death of the deceased.

"Section 2. That parole evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought within a delay of twelve (12) months after the death of the deceased, unless it consists of the testimony of at least one credible witness of good moral character, besides the plaintiff; or unless it be to corroborate a written acknowledgment or a promise to pay, signed by the debtor."

Section 1 of Act No. 11 of 1926 is plain. It provides that no litigant can prove any *debt* or *liability* of a deceased person by parol evidence, no matter how many credible witnesses may be offered for that purpose, if his suit upon the asserted indebtedness is filed more than one year after the death of the deceased.

As we have stated supra, no accredited representative of the succession of the deceased maker of the note, Mrs. Matilda B. Gibson, is charged, or is chargeable, with obstructing or delaying Mrs. Martha M.

Reed in timely asserting her legal rights in the premises, and, therefore, the independent suit of the presumptive heirs filed before the opening of the succession, and to which the succession never became a party, cannot be held to have interrupted prescription on the note.

For the foregoing reasons, the writ issued herein is perpetuated; the ruling upon the objection to the admissibility of oral testimony to prove interruption of prescription was erroneous, and is now reversed; and it is ordered that alternative writs of mandamus and prohibition, as prayed for in relator's application, be and they are hereby granted and ordered issued herein. It is further ordered that the costs of this proceeding be paid by Mrs. Martha M. Reed.

On Rehearing.

FOURNET, Justice.

This is a suit to enjoin the foreclosure of a mortgage against the succession of the debtor on the ground that the mortgage note on its face is prescribed.

On March 2, 1934, Mrs. Matilda B. Gibson, widow of John Lewis, died intestate, leaving an estate consisting of two pieces of real estate situated in the city of New Orleans, one located at 2415 Palmyra street, appraised at $1,200, and one on Jane alley, appraised at $800. Two mortgages were executed by her bearing on the Palmyra street property, one to secure a note for the sum of $1,200, dated December 30, 1926, and the other to secure a note for the sum of $500, dated September 14, 1928. Both notes were in favor of Mrs. Martha M. Reed and were made payable

three years after date, with stipulations for interest, attorney's fees, etc.

On April 17, 1934, Robert A. Lewis and Mrs. Lenora Lewis, wife of Louis J. Prosper, alleging that they were the sole and only heirs at law of their late mother, Matilda B. Gibson, widow of John Lewis, filed suit against Mrs. Martha M. Reed to have declared null and void the two mortgages, on the ground that they were made without consideration and for the sole purpose of fraudulently depriving them of their legitime. After due trial on these issues, the trial judge dismissed the case. From that judgment no appeal was taken, but two days later, on the 5th day of April, 1935, Robert A. Lewis and Mrs. Lenora Lewis, wife of Louis J. Prosper, opened the succession of their mother by petitioning the court to have Robert A. Lewis appointed administrator of the succession. Robert A. Lewis qualified as administrator of his mother's succession on August 19, 1935.

On the 10th day of October, 1935, Mrs. Martha M. Reed, the payee and holder of the two mortgage notes, instituted foreclosure proceedings on the $1,200 mortgage note, but before the property was advertised for sale, the succession, through its administrator, filed this suit to enjoin the sale on the ground that the note foreclosed upon was prescribed. In answer to the rule nisi which issued in the case, Mrs. Martha M. Reed, respondent herein, set up that the prescription on the note foreclosed upon had been interrupted for the following reasons: First, that the note had been acknowledged by the maker; second, that certain specific sums had been paid on the note; and third, that the suit instituted on the 17th of April, 1934, by Robert A. Lewis and his sister, Mrs. Louis J. Prosper, to have the two mortgages annulled and set aside, also interrupted prescription.

The trial judge, after a hearing on these issues, declined to grant the preliminary injunction, but the effect of his ruling was reversed by us in our opinion and decree rendered on June 30, 1936.

The matter is now before us for consideration on rehearing.

█ Counsel for Mrs. Martha M. Reed, the plaintiff in the executory proceedings and respondent herein, sought to prove by parol evidence that prescription on the note had been interrupted by the acknowledgment of the maker and by certain specific payments made on the note, and counsel for relator promptly objected to the testimony, but the objection was overruled. This court has repeatedly held that, under the express provisions of article 2278 of the Revised Civil Code, parol evidence is not admissible to prove any acknowledgment or promise of a party deceased to pay any debt or liability in order to interrupt prescription or to revive the claim after prescription had run. See Succession of Hillebrandt, 21 La.Ann. 350; P. J. Pavy v. Elizabeth Escoubas, Administrator, 23 La.Ann. 531; Coyle v. Succession of Creevy, 34 La.Ann. 539; Succession of Driscoll et al., 125 La. 287, 51 So. 200.

The note foreclosed upon was dated December 30, 1926, payable three years after date, and the suit was filed on the 10th of October, 1935, more than five

years after the maturity of the note. Necessarily, on its face, the note was prescribed. We are therefore of the opinion that the court erred in allowing respondent to introduce parol evidence, over the relator's objection, to prove that certain payments had been made on the note and also that acknowledgments had been made by the maker before her death. The objection should have been sustained and the introduction of the evidence disallowed.

■ This leaves for our consideration the sole question as to whether or not the suit instituted on April 17, 1934, by Robert A. Lewis and his sister, Mrs. Lenora Lewis, wife of Louis J. Prosper, as the sole and only heirs at law of their mother, Mrs. Matilda B. Gibson, widow of John Lewis, to have the two mortgages declared null, was sufficient to interrupt prescription.

An examination of the pleadings in that case shows that plaintiffs in nowise admitted or acknowledged the indebtedness. On the contrary, the sole purpose for which the suit was instituted was to annul the mortgages on the ground that the notes identified therewith were issued by their mother to the respondent (Mrs. Martha M. Reed) without consideration and for the purpose of depriving them of their legitime. This was the only issue in the case because respondent in her answer simply prayed "that there be judgment in her favor * * * herein dismissing plaintiffs' suit at their cost,"

and judgment was rendered accordingly. We therefore conclude that the filing of that suit could not have interrupted prescription.

Respondents, however, argued in their brief that as long as that suit was pending prescription was suspended, relying on Pothier on Prescription (referred to in the case of Jones v. Texas & P. Ry. Co., 125 La. 542, 51 So. 582, 136 Am.St.Rep. 339), and Harvey v. George Pflug, 37 La.Ann. 904, upon the theory that as long as the suit to declare the mortgage note foreclosed upon invalid was pending, respondent could not have "usefully" brought a foreclosure proceeding. There would be some merit in this argument if respondent was without a remedy or precluded from taking action on her notes during the pendency of the suit. But this is not the case, for she could have asserted her rights and asked for judgment on the notes in a reconventional demand, because the two plaintiffs in that suit had asserted their rights as heirs of the deceased maker of the note and thereby accepted her succession unconditionally and therefore became liable for the payment of the debts of the succession. See Buillard et al. v. Davis et al., 185 La. 255, 169 So. 78, and other cases therein cited. Futhermore, she could have, in a separate action, proceeded either via executiva or via ordinaria.

For the reasons assigned, our original judgment is reinstated and made the final judgment of this court.