SAMUEL, Judge.
This is an appeal by a physician from a judgment dismissing his opposition to that part of the executor’s provisional account which allowed only a portion of his bill for professional services rendered the deceased.
The deceased had been his patient from July 22, 1953, to February 7, 1959, the date of her death. She had been adjudged an interdict on March 26, 1958, and the Whitney National Bank of New Orleans had qualified as curator. On several occasions during the interdiction (on dates not revealed by the record) the curator, through an assistant trust officer, and the attorney for the curator orally informed opponent that his bill would be paid in full and would be included in the provisional account. On January 29, 1959, the curator filed its first provisional account setting out the bills to be paid to January 1, 1959, and on the same date the account was approved and homologated as filed. Opponent was placed on that account for the full amount due him from 1953 to January 1, 1959.
Mrs. Rembert died before further proceedings were taken in the interdiction and the Whitney National Bank, her former curator, qualified as testamentary executor. On August 21, 1959, the executor filed a petition for authority to sell stocks and bonds at private sale to pay debts and in connection with that petition filed a partial listing of the debts to be paid, which listing included opponent’s bill in the full amount.
The first provisional account was filed by the executor in the succession proceedings on June 10, 1960. It stated that the physician had submitted his bill in the total amount of $7,100.00 but that the executor proposed to pay only that portion thereof which had not been prescribed, the sum of $5,420.00. It is the difference between these two figures, the sum of $1,680.00, which is alleged to be prescribed and is here in dispute. The physician filed his opposition to the account on June 23, 1960. His total bill included an itemized statement for each of the years 1953 through 1959 inclusive and credits payments made on the account on April 5 and June 5, 1955.
It is the executor’s position that, following the interruption of prescription by the last payment on June 5, 1955, the remain *666 ing indebtedness for the years 1953 through 1956 inclusive, in the total amount of $1,680.00, was prescribed by the passage of three years under LSA-Civil Code Article 3538. It is the position of the opponent that the assurances given to him by the curator and its attorney to the effect that his bill would be paid in full, the placing of the full amount thereof on the curator’s provisional account and the court’s approval and homologation of that account, both of which occurred on January 29, 1960, when considered with the inclusion of the full amount in the partial listing of debts filed by the executor with its petition to sell stocks and bonds, constituted an interruption of prescription, additional to the last payment made, which prevents any part of the bill from being prescribed. Opponent further contends that the rendition of the judgment of interdiction interrupted or suspended the running of prescription.
Counsel for opponent has not called to our attention any authority to the effect that oral assurances by a curator or its attorney that a claim against an interdict would be paid can act as an interruption or suspension or prescription running against that claim, nor do we know of any such authority. See Code of Practice Arts. 985 and 986; Succession of McAlpin, 14 La.Ann. 617. In addition, the record does not reveal, and opponent has failed to carry his burden of proving, the dates upon which these assurances were given and as a result, even if they do constitute an interruption or suspension as contended, we would be unable to fix the time when the running of prescription was so interrupted or suspended. We feel it necessary here to call attention to the fact that the provisions of the new Code of Civil Procedure are not applicable to the instant case and the law prior to the effective date of that code is controlling.
Prescription was interrupted by the filing of the provisional account in the cura-torship on January 29, 1959. But this could only interrupt the running of prescription and could not constitute a waiver of prescription which had already accrued. The primary obligation and duty of the curator being the protection and preservation of the rights and property of the interdict, a curator, in a position of trust similar to that occupied by the administrator or executor of a succession, has no authority to renounce prescription once acquired; a prescribed debt cannot be revived by a curator or by an executor. See Succession of Driscoll, 125 La. 287, 51 So. 200; Succession of Romero, 31 La.Ann. 721.
 Nor did the rendition of the judgment interdicting Mrs. Rembert suspend or interrupt the running of prescription against opponent. In connection with this argument opponent relies upon LSA-Civil Code Article 3522 which provides that, except in the cases provided by law, minors and persons under interdiction cannot be prescribed against, and the rule that prescription does not run against a person unable to bring an action. But the codal’ article only prevents the running of prescription against interdict and does not suggest that prescription may not run in his favor. Prescription does run in favor of an interdict and that is the type of prescription with which we are here concerned. Nor was opponent unable to act. He could have brought his action against Mrs. Rembert before the interdiction and he could have brought his action against the curator after the interdiction. See Code of Practice Article 115.
Prescription thus began to run immediately after the payment on June 5, 1955, and it continued to run without interruption or suspension until interrupted by the filing of the provisional account on January 29, 1959. Under LSA-Civil Code Article 3538 all bills for services rendered prior to the three years immediately preceding January 29, 1959, that is before January 29, 1956, had been prescribed at the time the account was filed. Opponent's itemized statement (which reflects only one *667 •charge in 1956 and that on May 6 for $10.00) shows that the balance due for treatment administered prior to January 29, 1956, was $1,670.00, $10.00 less than the executor has refused to pay. Prescription of three years having run on this sum at the time of the filing of the provisional account in the curatorship and the curator having been without authority to waive the same, these charges were barred by the prescription of three years. Under the same rule the inclusion of the full amount of the bill in the listing of debts filed by the executor in connection with its petition to sell stocks and bonds could not, and did not, revive the prescribed indebtedness of $1,670.00.
For the reasons assigned, the judgment appealed from is amended only insofar as to increase the award of a portion of appellant’s claim from the sum of $5,420.00 to the sum of $5,430.00. As thus amended, and in all other respects, the judgment is affirmed; appellee to pay the cost of this appeal, appellant to pay all other costs.
Amended and affirmed.