|1THOMAS F. DALEY, Judge Pro Tem.
Plaintiff, Alfred P. Scull, IV, appellee, filed suit against Joan Nepveaux Brown, appellant, widow of Jerry T. Brown, to collect a $40,000.00 debt. Mr. Scull alleged that he was the holder of a $40,000.00 promissory note executed by the decedent, Jerry T. Brown, on January 11, 1989, payable on demand. Mrs. Brown denied the indebtedness and asserts that her late husband did not sign the note in question and that if any debt existed it had prescribed. Judgment was rendered in favor of Alfred P. Scull, IV and against Joan Nepveaux Brown for $40,000.00 together with legal interest and all costs. We affirm the trial court’s judgment.
On November 22 and 23, 1993, this matter was tried before the Honorable Robert J. Burns. At trial, Mr. Scull testified that the $40,000.00 debt was incurred by Jerry T. Brown for the building of his house at 524 Reasor Avenue in Harahan, Louisiana. Mr. Scull further testified that he advanced the money resulting in the $40,000.00 debt between 1977 and 1978. Although the debt was incurred between 1977 and 1978, Mr. Scull stated that Jerry T. Brown signed a demand note on January 11, 1989, as evidence of the $40,000.00 debt. Mr. Scull further testified that Jerry T. Brown paid interest on the original indebtedness until approximately 121987. No payments of any kind were made on the indebtedness since 1987.
In defense of Mr. Scull’s claims, Mrs. Brown asserts that the note produced by Mr. Scull was forged. Mrs. Brown called to the stand Marian Salvaggio, a certified handwriting analyst. Ms. Salvaggio stated that in her expert opinion, the signature on the note of January 11, 1989 was not that of Jerry T. Brown.
There was much discussion and controversy over Mrs. Brown’s signing of Sworn Descriptive List which included the $40,000.00 debt owed to Mr. Scull. Mrs. Brown testified that she signed the Sworn Descriptive List when she was under the influence of medication and that she did not, by signing the Sworn Descriptive List, affirm or in any way agree that the debt was owed.
The trial court after evaluating all of the evidence found that:
Jerry T. Brown borrowed forty thousand ($40,000.00) dollars from his business partner in 1977 to complete the building of his home. On January 11,1989 Brown executed a demand note for forty thousand ($40,-000.00) dollars in favor of Alfred P. Scull, IV.
⅜ * * * * ⅜
Additionally, by judgment of possession dated July 28, 1992, Joan Brown was recognized as surviving spouse and sole heir of the decedent. She was sent into possession of the property of the decedent and by law, is responsible for all of decedent’s debts. Accordingly, Joan Brown is personally liable for the forty thousand ($40,-000.00) dollar debt.

DISCUSSION

Appellant asserts as her first assignment of error that the trial court erred in holding that Joan Brown as executrix to the decedent acknowledged or otherwise compromised the $40,000.00 debt of the decedent incurred in *747 1977 and thus made an otherwise prescribed debt enforceable.
We agree with appellant that there exists no basis in the record to conclude that Joan Brown compromised the $40,000.00 note or that as a result of same compromise the $40,000.00 obligation is owed. Mrs. Brown, as executrix, had no legal authority to renounce prescription if it had run. Succession of Driscoll, 125 La. 287, 51 So. 200 (1910). Simple acknowledgement of a debt is not |3sufficient to reaffirm that debt. Succession of Aurianne, 219 La. 701, 53 So.2d 901 (1951). Although Joan Brown acknowledged the debt when she signed the Sworn Descriptive List, by accepting the Succession through Judgment of Possession without reservation of right she became liable for any debts of the Succession. Reliance on the acknowledgement, however, is not necessary to support Mr. Scull’s claim.
The trial court determined that Jerry T. Brown borrowed $40,000.00 from his business partner to complete the building of his house and that on January 1, 1989, Jerry T. Brown executed a demand note evidencing that debt. These two factual findings are supported by the record and sufficient to support the judgment.
Mr. Scull testified that he lent $40,000.00 to Mr. Brown to build a house at 524 Reasor in Jefferson Parish. Two checks were introduced into evidence to support the existence of the debt. One check in the amount of $10,000.00 and one check for $24,076.10. The balance according to Scull was advanced in small amounts by paying bills for the building’s construction out of various accounts. Mr. Scull produced a $40,000.00 promissory note payable on demand which Mr. Scull testified was signed by the decedent, Mr. Brown. The note was admitted into evidence.
Mr. Scull’s testimony is supported by Jessie Alexis who was married to Jerry T. Brown at the time the debt was incurred. She testified “Sandy” (Mr. Scull) loaned us approximately, if not more than, $40,000.00 to build a house. She also testified that Jerry T. Brown paid interest on the debt. Since the trial court concluded that the $40,000.00 note was genuine, we must next consider whether it had been paid or had prescribed. There was no evidence presented that any principal had been paid on the debt nor any portion of it forgiven or donated.
Regarding prescription, LSA-C.C. art. 3498 provides in pertinent part:
Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years.
Considering that the $40,000.00 note was executed on January 11, |41989 and suit for collection was filed on August 24, 1992, the note had not prescribed.
For the reasons assigned, we affirm the judgment of the trial court.

AFFIRMED.