No. 3224.—JANE Mc C. HARRISON, Administratrix *v.* L. B. DAYRIES, Sheriff and others.

A owed two promissory notes, secured by mortgage on real estate. After the first note was prescribed on its face, the administratrix of the estate of A paid it. B, the holder of both notes, gave up the one which was paid, and resorted to executory process to enforce payment of the other note which was not prescribed. A enjoined the sale on the ground that, having paid a certain amount to the holder of the two notes after the first one was prescribed on its face, it became the duty of the holder to impute the payment thus made to the other note, not prescribed, and to enforce payment of which the executory proceedings are now taken. Held—That, in a case like this, the burden of showing that the payment was made through error and was intended to be applied to the payment of the note that was not prescribed, devolved on the debtor, and not on the holder of the note.

APPEAL from the Seventh District Court, parish of Pointe Coupée. *Miller, J.* *Thomas H. Hewes* and *Samuel J. J. Powell,* for plaintiff and appellee. *W. D. Winter,* for defendant and appellant.

LUDELING, C. J. The plaintiff enjoins the sale of a plantation, belonging to the succession of Caleb B. Chinn, advertised for sale under an order of seizure and sale.

The grounds upon which the injunction is based, are, first, that the district judge had not jurisdiction to grant the order; second, that there was no authentic evidence of the transfer of the notes to the present holder; and third, that the debt was extinguished by compensation. The first and second alleged grounds are totally unfounded in fact, and they are not insisted on in this court.

The third ground is attempted to be supported by alleging that the tutrix (who is now the administratrix and plaintiff) paid $7,137 77 to the defendant who gave up one of the notes, then held by her against

the estate administered by the plaintiff, and that said note was prescribed at the time of payment, and that, consequently, the sum thus paid should have been (and was by law) imputed to the note due in January, 1861, which forms the basis of the executory proceedings against the property, the sale whereof was enjoined.

The note paid and taken up, *on its face*, was prescribed in November, 1865, when the first payment was made on it. But we are not prepared to say that it was, therefore, in fact prescribed; *non constat*, that the course of prescription had not been interrupted. The fact of payment by the tutrix creates, at least, a presumption that it had, for *"omnia præsumuntur rite esse acta."* This is not a suit brought upon the note against which prescription is pleaded, but the plaintiff, alleging that she has paid money in error, claims the right to require the party who received the money unduly, to apply it to the extinguishment of another note not prescribed. In such a case, it seems, the party alleging this should prove it, and she has failed to establish this fact, even with the evidence received by the district judge. But the testimony which establishes that the only indebtedness of the deceased, C. B. Chinn, to the defendant, Maher, was evidenced by the notes held by her, one of which was due in 1860 and was paid, and one other due in 1861, which forms the basis of this contest, should have been received. This, if a fact, is susceptible of being proved by parol or any other kind of legal evidence. If this fact, when proved, will enable the court to understand to what debt a written acknowledgement made by the deceased referred, that can not be a reason for excluding the testimony. There is nothing in the act of 1858 which militates against this view. The law provides *"that hereafter parol evidence shall not be received to prove an acknowledgment or promise of a party, deceased,* to pay any debt or liability against his succession, in order to take such debt or liability out of prescription or to receive the same after prescription has run or been completed; but that in all such cases *the acknowledgment or promise to pay* shall be proven by written evidence, *signed by the party deceased,"* etc. Nor is there anything in the case of succession of Heldebrant contrary to the views above expressed. See 21 An., p. 551.

The acknowledgment, relied upon in the case now under consideration, is in *writing, and it is signed by the deceased.*

In two letters to the defendant's son, he acknowledges his indebtedness to her, and promises to pay as soon as possible. In another he says: "Please find a check for $200 in favor of your mother, which please credit on my note." This was dated twenty-fifth November, 1861. In his letter of the fourteenth May, 1861, he proposes to give an order on Estlin & Co. to pay over to her the proceeds of his crop, to the amount *at least of one of his notes.* These are the promises and

acknowledgments which the act of 1858 requires to be in *writing and signed.* There is nothing in the laws to prevent parol proof to show that no other debt than the one claimed was due by him when he made the acknowledgments and promises to pay.

It is, therefore, ordered that the judgment of the district court be avoided and annulled, and that there be judgment in favor of defendants, dissolving the injunction, with twenty per centum on the amount of the judgment enjoined, as damages and costs of both courts.