No. 3244.—In the Matter of the Succession of P. A. KUGLER.

| 23 | 455 |
| 46 | 248 |
| 23 | 455 |
| 47 | 901 |
| 23 | 455 |
| 50 | 1039 |
| 23 | 455 |
| 109 | 365 |

A policy of insurance on the life of a man, taken out in favor of his wife and children, vests the rights to the policy in them from the date of its execution.

The written acknowledgment of a debt by a deceased person made before his death, being first proved, parol evidence is then admissible to show that no other debt was due to the creditor than the one presented.

A promise to pay notes, after prescription has accrued thereon, which are secured by mort-gage, creates a new debt, evidenced by the notes, but it does not revive the mortgage which has perempted by the prescription of the notes. Therefore, if notes which are secured by a mortgage have prescribed, and the debtor has afterward acknowledged them, they become an ordinary debt only.

APPEAL from the Parish Court of East Baton Rouge. *G. M. Husted*, Parish Judge. *S. P. Greves*, for administrator, appellee. *A. S. Herron* and *Favrot & Lamon*, for opponents and appellants.

LUDELING, C. J. This is an appeal from a judgment homologating the final account of the administrator of the succession of P. A. Kugler.

The administrator has filed an answer, praying that the judgment in his favor be amended by allowing the widow and minors one thou-sand dollars under the homestead act of 1852.

The evidence in the record shows that the life of the deceased was insured in favor of his wife and children, and that they received one thousand dollars from the insurance company after his death. It is contended by the counsel for the administrator that at the moment of the death of Kugler the widow and children were in indigent circum-stances, and that the subsequent payment of the policy did not affect their rights, under the law, at the period of the husband's death.

We think the rights of the widow and children to the policy existed before the death, and that the liability of the insurance company became fixed and exigible by the death of the insured, and, therefore,

the widow and children owned, in their own right, one thousand dollars when Kugler died.

. The item forty-five of the account, being two mortgage notes for eight hundred dollars each, is opposed on the ground that they were prescribed.

The notes were due on the first of July, 1859, and on the sixteenth of May, 1860. On their face they were prescribed. To prove an interruption of prescription the administrator offered parol evidence to show that the credits indorsed on the notes were made at the dates when they purport to have been made. The evidence was properly rejected. Acts of 1858, p. 138; Succession of Hildebrandt, 21 An. 350.

To establish a promise to pay these debts a letter of the deceased to Phillips was introduced in evidence, and then parol evidence was offered to prove that the deceased owed no other debt to Phillips but the notes. This was competent evidence. It is the acknowledgment or promise of the deceased which the law requires to be proved by the writing and signature of the deceased. When an acknowledgment and promise in writing and under the signature of the deceased is proved, it is competent to show by testimony that no other debt was due the party to whom the promise was made.

We think the letter and the oral evidence in the record establish the promise to pay the two notes embraced in item forty-five of the account. But the promise to pay was made after prescription had accrued. This created a new debt, binding on the deceased and his succession; but it did not renew or create a mortgage, at least as to third persons. C. C. 3285 .(3252); 1 An. 330, Lathet v. Hogan et al.; 2 An. 927, Grayson, Tutor, v. Mayo.

The other items of the account were correctly allowed.

H. V. Babin, for the use of the succession of A. M. Dunn and of Louis Favrot, alone having appealed, we can change the judgment of the court a qua only in his favor, and not as between the appellees.

It is therefore ordered and adjudged that the judgment of the parish court, so far as it allows a preference to the notes included in item forty-five of the account over the claim of H. V. Babin, for the use of the succession of A. M. Dunn and Louis Favrot, be avoided and annulled; and that, in all other respects, it be affirmed, the costs of this appeal to be paid by the succession.

---

### ON REHEARING.

LUDELING, C. J. We held that the notes included in item forty-five of the account had been renewed by a promise to pay them after prescription had accrued, and that this renewal of the obligation did not create or renew the mortgage given to secure the old obligations; and

we ordered that the tableau be amended in so far as it accorded a preference to the said notes held by Phillips. In the application for rehearing we are asked to decide that the appellants' claim shall be paid by preference over Phillips'. We can not do so. Both are ordinary claims, and, under the law, must be paid *pro rata* out of the funds of the estate.

Rehearing refused.