## No. 10,302.

### JOHN McGINTY vs. SUCCESSION OF JOHN HENDERSON.

1. Checks, signed and issued by a debtor and received by a creditor as payments on account of a debt, are competent evidence to prove interruption of prescription after the decease of the debtor under C. C. 2278.

2. The fact that such checks have been surrendered on payment and have returned into the possession of the debtor, does not effect their evidentiary value and competency, and a *subpœna duces tecum* to compel their production is a legal and proper remedy.

3. Although the checks themselves do not establish a payment on the particular debt, they do establish a payment, and it is well settled that parol evidence is admissible to explain an acknowledgment and to connect it with the debt to which it applies. To this purpose, the stubs of the check-book from which they were taken, though not signed by the debtor, a e competent evidence, like other parol evidence.

APPEAL from the Civil District Court for the Parish of Orleans. *King*, J.

*White & Saunders* and *J. Timony* for Plaintiff and Appellee.

*Hornor & Lee* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The suit is for $25,000, balance of a loan of $35,000, alleged to have been made to the decedent, John Henderson, on May 11th, 1883.

The defenses are two: 1. A denial of the debt; 2. the prescription of three years. We will consider them separately.

I.

The fact of the loan is proved by a variety of cumulative evidence :

1. Two witnesses, one the plaintiff, the other the private book-keeper of Mr. Henderson, affirmatively prove the loan as made by the delivery to Henderson of a bank check for $35,000 payable to the order of Mrs. John McGinty, and by her endorsed to the order of Henderson, and delivered to and collected by him. McGinty further establishes the terms of the loan to have been that Henderson was to pay annually the interest at six per cent on the whole amount, and to repay the principal in seven annual installments of $5000 each, or sooner, if demanded.

2. The check itself for $35,000 is produced corresponding to the description above given, deposited in bank by Henderson, and duly paid and cancelled.

3. In answer to a *subpena duces tecum*, Mrs. Henderson produced in court, the cancelled checks and check-book of Henderson; from which it appears that on July 29th, 1884, Henderson drew checks in favor of John McGinty for $7100, being, as the stubs show, $2100, as 6 per cent interest on $35,000, and $5000 as the first installment of the debt; and on July 16th, 1885, that he drew another check in favor of Mrs. Mc-Ginty for $6800, being, as the stubs indicate, $1800 as 6 per cent interest on the $30,000 remaining due and $5000 as the second installment. Henderson died in the latter part of 1885.

The probative force of the foregoing evidence, in absence of any contradictory proof, is too conclusive to be overthrown by mere insinuations based on slight circumstances which, when examined, are entitled to no weight.

We consider the debt fully proved.

II.

Actions for the payment of money lent are prescribed by three years. R. C. C. 3538.

As the plaintiff's own testimony shows that he reserved the right to demand the return of the whole loan at his pleasure, the prescription must be held to run from the date of the loan. Andrews vs. Rhodes, 10 Rob. 52.

His suit was only instituted in October, 1887, more than four years after the date of the loan, and the plea of prescription is good unless barred by legal proof of interruption.

Article 2278 Rev. C. C. provides: " Parol evidence shall not be received to prove any acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of

prescription　*　*　*　but in the cases mentioned in this article, the acknowledgment or promise to pay shall be proved by written evidence signed by the party, who is alleged to have made the acknowledgment or promise, or by his specially authorized agent or attorney in fact."

Partial payment made on a debt before prescription is acquired, is held to be such an implied acknowledgment as interrupts prescription, but such payment, by a deceased debtor, like any other acknowledgment, must be proved by written evidence signed by him.

In this case, however, the payments are proved by the written checks of the debtor signed and issued by him to the creditor who held and owned them and only delivered them to the bank on their due payment; and by evidence conclusively showing that said checks were issued as payments on this particular debt. These checks undoubtedly evidence a payment by Henderson to McGinty on some account, and in discharge of some obligation, and while they do not, of themselves, establish a payment on this particular debt, it is conclusively settled that where an acknowledgment in writing signed by a deceased debtor is proved, parol evidence is admissible to show the particular debt to which the acknowledgment was intended to apply. Harrison vs. Dayries, 23 Ann. 216; Succession of Kugler, id. 455; Tilden vs. Succession, 33 Ann. 1068.

The jurisprudence in England and in other States is similar. Hartley vs. Wharton, 11 Ad. & Ellis 934; Mitchell vs. Clay, 8 Texas 447; Bird vs. Gammon, 3 Bing. (N. C.) 883; 3d Reed on Stat. of Frauds, § 1089; Wood on Limitations, p. 218.

Counsel for defendant cites a line of authorities, holding that the acknowledgment to take a debt out of prescription must be made to the creditor or his agent, and that a mere writing acknowledging a debt retained by the person making it and never delivered to the creditor or any one else, cannot serve as an interruption of prescription. Wood on Limitations, p. 195; Allen vs. Collins, 70 Mo. 138; Edwards vs. Cully, 4 Hurlst. & Nor. 378.

But it is evident that these authorities have no application to this case, where the writings relied on, the checks, were issued and delivered to the creditor, were parted with by him only on their payment and returned to the possession of the maker only to serve him as evidence of such payment. If the plaintiff were disputing the payment in this case, these checks endorsed by him, would be sufficient evidence thereof, and it would be unreasonable to debar him from using them for the same purpose.

Equally inapplicable are authorities quoted holding that mere entries on the books of a debtor cannot serve as an acknowledgment interrupt-

ing prescription. The checks are not mere entries on his books, and the entries on the corresponding stubs of the check-book are not offered as, in themselves, operating an interruption, but as the natural and proper evidence to explain and establish the purpose for which the checks were issued and the subject-matter to which they applied.

Objections were made to the *subpœna duces tecum* under which defendant was required to produce the checks and books.

The ground assigned for this objection is the provision of Rev. C. C. Art. 3550, which declares : " Good faith not being required on the part of the person pleading this prescription, the creditor cannot compel him or his heirs to swear whether the debt has or has not been paid, etc." All the other objections go to the effect of the evidence ; and this one is manifestly not sustained by the article quoted, inasmuch as no call was made on defendant to swear whether the debt had, or had not, been paid.

We find no authority and no reason for extending the prohibition beyond the terms of the statute, and for exempting the defendant from compulsory process to produce competent written evidence in possession.

We, therefore, conclude that the plea of prescription was properly overruled.

Judgment affirmed.