ST. PAUL, J.
 

 This is’ a suit to enjoin a foreclosure on a mortgage.’
 

 The trial judge refused to dissolve the injunction, and the plaintiff in the foreclosure proceedings has appealed.
 

 The note on which the foreclosure proceedings is based is prescribed on its face. The plaintiff attempted to show the interruption of■ prescription by producing a personal letter signed by the deceased on whose note the foreclosure is being sought, which letter is addressed to the plaintiff in this case and contains the following statement: “Enclose please receive check for $500.”
 

 And he attempted to show by parol evidence that the check therein referred to was a payment made on the note herein invólved.
 

 The trial judge refused to admit parol testimony under the provisions of article 2278. of the Civil Code, reading as follows:
 

 “Art. 2278 Parol Evidence Shall Not Be Received: *
 
 * *
 

 “2. To prove acknowledgment or promise of a party deceased, to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been eompletg¿[ Ht * #
 
 *)
 

 See, also, Succession of Driscoll, 125 La. 287, 51 So. 200, and authorities there cited.
 
 ■■
 

 We think the trial judge ruled correctly. The letter herein' above quoted does not pur-' port to be an acknowledgment of any debt' whatsoever, and hence parol evidence was inadmissible to show that it .was such in fact and had reference to the note herein foreclosed upon.
 

 Decree.
 

 For the reasons assigned, the judgment herein appealed from is affirmed.