**YOUNGBLOOD et. al. v. DAVIES.[*]**

No. 5267.

Court of Appeal of Louisiana.
Second Circuit.

June 26, 1936.

C. B. Prothro, of Shreveport, for appellants.

Cook, Cook & Egan, and Hoye Grafton (curator ad hoc), all of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiffs are the sole heirs of their mother, Mrs. Mary E. Youngblood. Defendant is the sole heir of the late Judge J. E. Reynolds, who departed this life on January 17, 1935. She accepted his succession unconditionally. On January 12, 1929, for value received, Judge Reynolds executed and delivered to Mrs. Youngblood his promissory note for $1,650. The note matured on January 12, 1930, but, according to entries on reverse thereof, eight payments on principal and interest account were made at different times, the last two of which being of date January 17, 1934. The principal had been reduced to $938.30, and was unpaid when Mrs. Youngblood died. It was inherited by plaintiffs as her sole heirs. On June 8, 1935, the present suit to enforce collection of the note was instituted. Defendant being a resident of the state of Tennessee, a writ of attachment issued under which property owned by her in Louisiana was seized. The curator ad hoc appointed to represent the defendant filed a plea of five years' prescription in bar of the suit. This plea was sustained, and plaintiffs' demands rejected. They appealed.

The note on its face prescribed on January 12, 1935, five days prior to Judge Reynolds' death. Therefore, unless competent evidence to prove an acknowledgment of the obligation by the maker, or an interruption of the current of prescription prior to that date has been introduced, the plea in bar is unquestionably well founded. The entries on the reverse of the note, it is conceded, are not in the maker's handwrit-

ing. The only credit relied on as an acknowledgment of the note prior to prescription attaching, or as effecting interruption of the current thereof, is one of those of January 17, 1934, for $54.20 applied to interest account. The credit entry for this amount is in the handwriting of one of the plaintiffs. The payment was made by delivery to plaintiffs by Judge Reynolds of a check of Glassell-Hicks Co., Inc., in his favor and by him indorsed. The check, subject to objection, was admitted in evidence. It bears no inscription whatever identifying it with the note in question. Parol testimony was admitted, subject to objection, also, to prove that this check was delivered to plaintiffs by Judge Reynolds as a payment on the note. The lower court finally ruled that neither the check nor the supporting parol testimony was admissible to prove an acknowledgment or promise on part of Judge Reynolds to pay said note, and, therefore, held that prescription had accrued. Plaintiffs complain of this ruling of the court and insist that the rejected testimony was admissible for the purposes offered, and if so received and considered, was sufficient to meet the requirements of article 2278 of the Civil Code. Relevant parts of this article are:

"Parol evidence shall not be received:
* * *

"2. To prove any acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed. * * *

"But in all the cases mentioned in this article, the acknowledgment or promise to pay shall be proved by written evidence signed by the party who is alleged to have made the acknowledgment or promise or by his agent or attorney in fact, specially authorized in writing so to do."

Plaintiffs cite and rely upon the following cases in support of their position, viz.: McGinty v. Succession of Henderson, 41 La. Ann. 382, 6 So. 658, 659; Weil v. Jacobs' Estate, 111 La. 357, 358, 35 So. 599; Succession of Spann, 169 La. 412, 419, 125 So. 289; Sullivan v. St. Anna's Chapel, 168 La. 383, 390, 122 So. 118.

In the McGinty Case, a plea of prescription of three years was pleaded in bar of suit to recover for money lent. Checks of the deceased, issued to plaintiff, were offered in evidence, supported by parol testimony to show the purpose for which they were delivered to the plaintiff. The court said: "These checks undoubtedly evidence a payment by Henderson to McGinty on some account, and in discharge of some obligation; and, while they do not of themselves establish a payment on this particular debt, it is conclusively settled that where an acknowledgment in writing, signed by a deceased debtor, is proved, parol evidence is admissible to show the particular debt to which the acknowledgment was intended to apply. Harrison v. Dayries, 23 La.Ann. 216; Succession of Kugler, 23 La.Ann. 455; Tilden v. Succession of Morrison, 33 La. Ann. [1067] 1068."

In the Weil Case, a plea of prescription of five years against notes of the deceased, sought to be foreclosed upon, was sustained. Checks drawn to the order of the deceased maker by a third person, delivered by him to and cashed by the holder of the notes, supported by parol testimony, were offered to establish acknowledgment of the notes by the maker and to prove interruption of prescription. The plea was sustained because it was not proved that the deceased indorsed the checks or authorized any one to indorse his name thereon. Obiter of the court, inferentially, seems to approve the McGinty Case.

In the Sullivan Case it was held that checks given in part payment of a debt constitute written evidence of payment and have the effect of interrupting prescription. The McGinty Case is cited approvingly.

The opinion in the Succession of Spann simply holds that parol testimony was inadmissible to prove that a check issued to a legal firm, bearing on its face notation to the effect that it was issued and delivered in full settlement of account due the firm, was in reality a payment on account. The purpose of the excluded testimony was to show an interruption of prescription by payment. The court differentiates the facts of this case from those in the McGinty Case and others cited by it.

If there were no other pronouncement of the Supreme Court upon the issue discussed, we would be constrained to hold that the testimony in this case, admitted subject to objection, but finally ruled out by the trial judge, was admissible for the purpose tendered. In view of the court's holdings in the cases mentioned, we are unable to perceive any good reason why it should be held that the testimony tendered to prove that the check which Judge Reynolds indorsed and delivered to plaintiffs as a payment on

240

the note is not admissible for the purposes tendered. The check was payable to Judge Reynolds. It was his property. It was indorsed by him and delivered by him as payment on his note. The signature on a check is what counts. The indorsement of his signature on the Glassell-Hicks check, and its delivery to plaintiff, operated a transfer of all rights thereunder to plaintiff. If Judge Reynolds had issued his own check to plaintiffs for this payment, we are unable to see, in principle, any difference in legal effect, between this and the delivery by him of the Glassell-Hicks Company check to them. The last pronouncement of the Supreme Court on this question is in Rassat v. Vegas et al., reported in 173 La. 778, 138 So. 665. It was squarely held therein that parol testimony was not admissible to prove that a check for $500 sent by letter to the holder of a note by the maker, since deceased, was intended as a payment thereon. The court's holding is clearly reflected from the syllabus: "Parol evidence was incompetent, since the letter did not purport to be an acknowledgment of any debt and since Civ.Code, art. 2278, provides that parol evidence shall not be received to prove acknowledgment or promise of a party deceased, to' pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the debt after prescription has run or been completed."

The court therein further said: "We think the trial judge ruled correctly. The letter herein above quoted does not purport to be an acknowledgment of any debt whatsoever, and hence parol evidence was 'inadmissible to show that it was such in fact and had reference to the note herein foreclosed upon."

That case is stronger for the holder of the note than is the present one. It does not refer to or mention any of the cases cited and relied on by plaintiffs herein, but it certainly, impliedly at least, overrules them. There, not only was a check issued by the maker to the holder, but in addition he wrote a letter transmitting the check. Under the doctrine laid down in the above-discussed cases, parol testimony was admissible to prove the purpose of the payment and the specific obligation the letter had reference to. The ruling, we think, tracks the plain letter of the codal article. This article bans reception of parol testimony "to prove acknowledgment or promise of a party deceased to pay any debt or li-

ability in order to take it out of prescription," and it certainly does violence thereto to admit such testimony to establish a fact not disclosed by written evidence.

The following excerpt from the written opinion of the lower court seems to us to express a clear and correct interpretation of the codal provision, when applied to the facts of the case, viz.: "It likewise appears that the reasoning (in the Rassat Case) is correct because the purpose of the article of the Code undoubtedly is to provide for a written acknowledgment of the debt itself and not merely written evidence of a payment. For all the court knows, payments thus made, may be made for innumerable purposes, and when the written evidence of payments does not go further and establish an acknowledgment of a certain debt but just the debt for which the payment was made, and not an additional obligation which forms the basis of the suit, then there is no written evidence that the deceased had any intention to acknowledge that he owed anything more than what he paid out at that moment. It appears to us that the court went a long way in admitting parol testimony to identify a payment and a written acknowledgment with a particular debt."

For the reasons assigned, the judgment appealed from is affirmed, with costs.