## YOUNGBLOOD et al. v. DAVIES.

### No. 5267.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

For former opinion, see 169 So. 238.

C. B. Prothro, of Shreveport, for appellant.

Cook, Cook & Egan and Hoye Grafton, all of Shreveport, for appellee.

TALIAFERRO, Judge.

The pleadings, the facts, and the issues in this case are clearly narrated in our former opinion (169 So. 238, 239). We deem it unnecessary to the present opinion to restate them. Questions of law only are involved, and these are:

1. Was parol testimony admissible to prove that Judge J. E. Reynolds delivered

to plaintiffs a check of the Glassell-Hicks Company in his favor and by him indorsed, as payment on his note, owned by plaintiffs?

2. If such testimony was admissible for the purposes tendered, did the payment effected by delivery and acceptance of said check, since Judge Reynolds has since died, have the effect of an acknowledgment of the note in question and/or operate to interrupt the current of prescription thereon?

As stated in our former opinion, the note on its face prescribed January 12, 1935. The Glassell-Hicks Company's check was delivered to plaintiffs on January 17, 1934, and the amount thereof credited on the note as of that date. Judge Reynolds died January 17, 1935, and this suit was filed June 8, 1935. In the course of our original opinion, after discussing the cases relied on by plaintiff, we said:

"If there were no other pronouncement of the Supreme Court upon the issue discussed, we would be constrained to hold that the testimony in this case, admitted subject to objection, but finally ruled out by the trial judge, was admissible for the purpose tendered. In view of the court's holdings in the cases mentioned, we are unable to perceive any good reason why it should be held that the testimony tendered to prove that the check which Judge Reynolds indorsed and delivered to plaintiffs as a payment on the note is not admissible for the purposes tendered. The check was payable to Judge Reynolds. It was his property. It was indorsed by him and delivered by him as payment on his note. The signature on a check is what counts. The indorsement of his signature on the Glassell-Hicks check, and its delivery to plaintiff, operated a transfer of all rights thereunder to plaintiff. If Judge Reynolds had issued his own check to plaintiffs for this payment, we are unable to see, in principle, any difference in legal effect, between this and the delivery by him of the Glassell-Hicks Company check to them. The last pronouncement of the Supreme Court on this question is in Rassat v. Vegas et al., reported in 173 La. 778, 138 So. 665. It was squarely held therein that parol testimony was not admissible to prove that a check

for $500 sent by letter to the holder of a note by the maker, since deceased, was intended as a payment thereon. * * *

"That case is stronger for the holder of the note than is the present one. It does not refer to or mention any of the cases cited and relied on by plaintiffs herein, but it certainly, impliedly at least, overrules them. There, not only was a check issued by the maker to the holder, but in addition he wrote a letter transmitting the check. Under the doctrine laid down in the above discussed cases, parol testimony was admissible to prove the purpose of the payment and the specific obligation the letter had reference to."

This court in drafting its former opinion, as clearly appears from the quoted parts thereof, was of the impression that the check accompanying the letter discussed in the Rassat Case, supra, was drawn and signed by the maker of the note involved, who was also the author of the letter. Further study of the case, as reported, convinces us that we were in error as to the identity of the drawer of the check. It was not the maker's check at all. The opinion, inferentially at least, says so. The Rassat Case, as we view it, does not modify or overrule the jurisprudence well established in this state on the subject, reflected from the cases cited and discussed in our original opinion.

We answer in the affirmative both questions of law propounded at the beginning of this opinion.

For the reasons herein assigned, the judgment appealed from is annulled, avoided, and reversed; and for said reasons, there is now judgment for plaintiffs, William C. Youngblood and James D. Youngblood, and against defendant, Mrs. Luda R. Davies, in rem, for $938.30 with 8 per cent. interest per annum from January 12, 1934, until paid, and 10 per cent. thereof additional as attorney's fees and costs of suit. It is further ordered, adjudged, and decreed that the writs of attachment which issued herein be and they are hereby recognized, maintained, and rendered executory on the property seized thereunder, and that said property be seized and sold to satisfy this judgment; the proceeds of sale to be paid by preference to plaintiffs and in accordance with law.