The plaintiff, Mrs. Anna Pier, widow by first marriage of Will S. Lob, and now the wife of Don E. Robin, is the duly qualified natural tutrix of her minor child, Anna Virginia Lob, sole issue of her marriage with the late Will S. Lob. This minor is the granddaughter of the late Jennie Gerber Lob, whose succession was opened in the Civil District Court under docket No. 242 — 887, and, as heir of her grandmother, she has been recognized as the owner of a one-sixth interest in certain real estate situated on Second street in the city of New Orleans, which was inventoried in the succession of Mrs. Jennie Gerber Lob as an asset of the estate. This real property was mortgaged by Mrs. Jennie Gerber Lob on November 2, 1930, to Mrs. Adele Weil Walsh, the defendant in these proceedings, to secure the payment of a certain promissory note for the sum of $1,365 executed by Mrs. Lob on that date to her own order and by her endorsed, payable one year thereafter and bearing interest at eight per cent per annum from date until paid.
In the proceedings entitled Mrs. Adele Well Walsh vs. Succession of Jennie Gerber Lob, No. 248 — 492 of the docket of the Civil District Court, Mrs. Walsh, as holder of the mortgage note above referred to, instituted executory proceedings and sought to have the mortgaged property seized and sold for payment of the debt. Thereafter, the plaintiff, Mrs. Robin, as natural tutrix of her minor daughter who owns a one-sixth interest in the real estate, instituted this action seeking to enjoin the executory proceedings on the ground that the mortgage note held by Mrs. Walsh is prescribed on its face and that, therefore, there is no liability thereon.
Upon the showing made by plaintiff in her petition, a temporary restraining order was issued, without bond, and Mrs. Walsh was ordered to show cause why an injunction should not be granted. Upon the issuance of the temporary restraining order, Mrs. Walsh appeared and moved to dissolve it on the ground that plaintiff's petition set forth no right or cause of action and that she was without capacity to sue. This motion to dissolve was overruled. Thereafter, on the return day of the rule nisi for an injunction, Mrs. Walsh denied that plaintiff was entitled to the relief sought, setting forth, as an affirmative defense, that the mortgage note was not prescribed because the course of prescription thereon had been interrupted by payments on account made by the deceased mortgagor and that the latter had many times acknowledged in writing her indebtedness and liability on the note.
After a trial on the issues thus presented, the District Judge refused to grant the injunction and dismissed the plaintiff's suit. Plaintiff has obtained a suspensive appeal to this court from the adverse decision. *Page 270 
While it is apparent, from an examination of the pleadings in the case, that a number of issues have been raised by the defendant which relate to plaintiff's right to obtain an injunction, the only serious question which has been briefed and argued in this court is addressed to the validity of plaintiff's plea that the mortgage note is prescribed. Defendant concedes that the obligation is prescribed on its face but she contends that the course of prescription was interrupted by payments made by Mrs. Lob over a period of years on account of the obligation and also by certain alleged written acknowledgments of the existence of the debt. It is said that these alleged payments on account and acknowledgments, which are explained and supplemented by certain parol evidence admitted in the lower court, conclusively show that prescription has never accrued.
Contra, plaintiff maintains that the alleged payments on account and the so-called acknowledgments by Mrs. Lob are not sufficient to establish an acknowledgment or promise to pay in writing on the part of Mrs. Lob as required by Article 2278 of the Revised Civil Code and that the parol evidence, which was introduced by defendant in the trial court, over timely objection, in order to prove that Mrs. Lob had acknowledged the debt, should not have been received to supplement the written proof.
In view of these contentions, we direct our immediate attention to the evidence submitted by the defendant at the trial to establish an interruption of prescription. The written evidence produced consists of 37 checks issued by Mrs. Lob at various times to the order of the defendant, Mrs. Walsh, or to her duly authorized agent, and four letters which were written by Mrs. Lob to the attorneys for Mrs. Walsh, in which she makes inquiry with respect to the amount of interest she owed on the mortgage note in controversy. The checks issued by Mrs. Lob, payable to the defendant, are as follows: One on November 13, 1934, for $109.20; thirty-five checks for $20 each, dated January 6, February 8 and March 10, 1937, June 7, July 13, August 6, September 23, October 19, November 7 and December 7, 1938, January 19, February 23, March 27, April 25, May 23, June 21, July 19, August 21, September 19, October 19, November 18 and December 19, 1939, January 18, February 20, March 19, April 18, November 19 and December 19, 1940, January 20, February 18, March 19, April 21, May 20, June 19 and July 21, 1941, and one check for $15.20 dated May 20, 1940. The letters respecting the interest on the note are dated January 6 and March 10, 1937, July 13, 1938 and April 18, 1940.
It will be seen from the foregoing that the only one of the checks or letters offered by the defendant, which is available to her as evidence to show an interruption of the original term of prescription on the note, is the check for $109.20 issued by Mrs. Lob to defendant's order on November 13, 1934. This is so because the mortgage note was payable on November 2, 1931, and would have prescribed on November 2, 1936, except for the alleged interruption pleaded by the defendant. Of course, if the check of November 13, 1934, interrupted the running of prescription, the subsequent checks issued by Mrs. Lob and the four letters written by her respecting the interest on the note are available to the defendant for the purpose of showing further interruptions of the prescription which commenced after the alleged first interruption by the payment on November 13, 1934. However, if the check of November 13, 1934, did not have the effect of interrupting the running of prescription on the note, the subsequent checks issued by Mrs. Lob (beginning on January 6, 1937, and the letters thereafter written by her respecting the amount of interest due on the note) are without bearing on the decision to be reached because, at the time these checks were given and the letters were written, prescription on the mortgage note had already accrued. In none of the checks issued by Mrs. Lob, nor in any of the letters written by her, did she make a new promise to pay the debt. In these circumstances (assuming for the purpose of discussion only that the checks and letters are payments on account or acknowledgments of the debt), they cannot be regarded as a renunciation of an accrued prescription. See Succession of Slaughter, 108 La. 492, 39 So. 379, 58 L.R.A. 408; Weil v. Jacobs' Estate, 111 La. 357, 35 So. 599; Manders v. Irwin,118 La. 1048, 43 So. 698 and Burdin v. Burdin, 171 La. 7,129 So. 651, 655. In the last cited case the Supreme Court observes:
"There must be a new promise made to pay the debt in order to nullify an accrued prescription."
We therefore pass on to a consideration of the check for $109.20 issued on November 13, 1934, by Mrs. Lob to the order of the defendant. Counsel for defendant *Page 271 
asserts that, since this check is signed by the debtor, it is an acknowledgment in writing as contemplated by Article 2278 of the Civil Code and that, under the established jurisprudence, parol evidence was admissible to show that it was given in payment of the interest falling due on the mortgage note and to identify it as a payment on account. In support of this proposition, counsel cite and rely upon McGinty v. Succession of Henderson, 41 La.Ann. 382, 6 So. 658, and Youngblood v. Davies, La.App., 169 So. 238, and Id., La.App., 170 So. 376.
On the other hand, counsel for plaintiff proclaims that, since the check issued by Mrs. Lob in favor of the defendant does not signify the purpose for which it was given (whether it was a payment on account of some obligation, a gift, loan or otherwise), it cannot be regarded as a written acknowledgment or promise to pay and that parol evidence was clearly inadmissible, in view of the prohibition contained in Article 2278 of the Civil Code, to show that the check was, in fact, given in payment on account of the mortgage note. To substantiate his position, counsel directs our attention to the decisions of the Supreme Court in Well v. Jacobs' Estate, supra, Rassat v. Vegas,173 La. 778, 138 So. 665, and Reed v. Succession of Gibson, 185 La. 821,171 So. 43.
Since the defendant is attempting to show an interruption of prescription on an obligation contracted by a person now deceased, the provisions of Article 2278 of the Civil Code are applicable. That Article declares:
"Parol evidence shall not be received:
* * * * * *
"2. To prove any acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed. * * *
"But in all cases mentioned in this article, the acknowledgment or promise to pay shall be proved by written evidence signed by the party who is alleged to have made the acknowledgment or promise or by his agent or attorney in fact, specially authorized in writing so to do."
The above quoted provision is clear and no interpretation is required to discover its unmistakable meaning. The article enjoins the court from receiving parol evidence to prove an acknowledgment or promise of a party deceased to pay any debt or liability contracted by him in order to establish an interruption of prescription and makes it mandatory that such acknowledgment or promise to pay be proved by written evidence signed by the deceased.
In the case at bar, the check issued by Mrs. Lob in favor of the defendant is plainly not, in itself, an acknowledgment or promise to pay the obligation on the mortgage note, since there is nothing on this check to indicate the purpose for which it was issued. Hence, it would be just as consistent to suppose that the writing was evidence of a loan by Mrs. Lob to the defendant as it would be to resolve otherwise. Realizing this, counsel for the defendant sought to introduce parol evidence to establish that it was a payment on account of the mortgage note in controversy. This evidence was received over the timely objection of plaintiff. It seems manifest that, in view of the prohibition contained in Article 2278, the evidence was not admissible.
However, counsel for defendant proclaim that the Supreme Court has interpreted Article 2278 in such a manner so as to permit the introduction of parol evidence to show that a writing evidencing a disbursal of funds is, in truth, a payment on account of a particular obligation for the purpose of exhibiting that prescription on the obligation has been interrupted. The decision in McGinty v. Succession of Henderson, supra, fully sustains this contention. In that matter, suit was brought by a creditor of the deceased to recover judgment for $25,000 which was the balance due on a loan of $35,000 made to the decedent. A plea of prescription of three years was interposed and plaintiff thereafter attempted to show that prescription had been interrupted by payments made by the deceased on account of the obligation, prior to the accrual of prescription. Cancelled checks issued by the deceased to the creditor were offered in evidence and, in order to establish that these checks represented payments on account of the debt, parol evidence was submitted. The court held that the parol evidence was not objectionable and did not violate the provisions of Article 2278. In the course of the opinion, it was stated:
"In this case, however, the payments are proved by the written checks of the debtor signed and issued by him to the creditor, who held and owned them, and only delivered them to the bank on their due payment, and by evidence conclusively *Page 272 
showing that said checks were issued as payments on this particular debt. These checks undoubtedly evidence a payment by Henderson to McGinty on some account, and in discharge of some obligation; and, while they do not of themselves establish a payment on this particular debt, it is conclusively settled that where an acknowledgment in writing, signed by a deceased debtor is proved, parol evidence is admissible to show the particular debt to which the acknowledgment was intended to apply. Harrison v. Dayries, 23 La.Ann. 216; Succession of Kugler [23 La.Ann.] 455; Tilden v. Succession of Morrison, 33 La.Ann. [1067] 1068."
If the ruling of the Supreme Court in the Henderson case were the only one on this subject, we would be obliged to follow it, since it is on all fours with the case at bar. But, since the Court has, in at least one of its subsequent decisions (see Rassat v. Vegas, supra), clearly indicated that parol evidence of this type is inadmissible, we feel at liberty to question the correctness of the reasoning in the Henderson case. In the first place, it seems to us that the court assumed an unproven fact in the Henderson case when it observed that "these checks undoubtedly evidence a payment by Henderson to McGinty on some account" for there was nothing on the checks to indicate the purpose for which they were given. In the absence of a writing by the decedent debtor showing the reason why the check is issued, no one has the right to speculate that it is a payment on account and Article 2278 forbids the reception of parol evidence to establish it as a fact. The only reason why a partial payment on account of an obligation operates as an interruption of an unaccrued prescription is that it is considered in law to be animplied acknowledgment of the debt. See McGinty v. Henderson, supra, and numerous other cases. Hence, if a partial payment is considered only as an implied acknowledgment, we wonder how such an acknowledgment is applicable to a deceased person under Article 2278, which declares that the acknowledgment or promise to pay must be in writing and that parol evidence shall not be received for the purpose of establishing that such an acknowledgment was made.
In addition to this, an examination of the cases cited to support the ruling in the Henderson case reveals that they are clearly distinguishable from that matter. Those cases are Harrison v. Dayries, 23 La.Ann. 216; In re Succession of Kugler, 23 La.Ann. 455; and Tilden v. Succession of Morrison, 33 La.Ann. 1067.
In the Harrison case, the deceased had given two mortgage notes on his real estate. After one of the notes had prescribed, the administratrix of the mortgagor's estate paid it. The creditor thereafter resorted to executory process to enforce the payment of the other note which was not prescribed. The administratrix enjoined the sale of the property on the ground that she had paid the prescribed note through error. The court, in dismissing her claim, stated that she had failed to prove the alleged error in payment and further that, even if there was an error, it clearly appeared that the obligation which was prescribed on its face was not barred, as a matter of fact, because the course of prescription had been interrupted by written acknowledgments made by the deceased prior to his death. The acknowledgments relied on were two letters written by the deceased to the son of the holder of the notes, in one of which he enclosed a check as a payment on account and asked that it be credited to his note and, in the other, he proposed to give an order on Estlin and Company to pay over to the holder the proceeds of his crop to the amount of at least one of his notes. The court merely decided there that parol evidence was admissible to identify the acknowlegdment with the particular obligation to which the deceased had reference in his letters. There, however, the writings of the deceased were acknowledgments, complete within themselves, and the parol evidence was received solely for the purpose of identifying the particular obligation to which the acknowledgments had reference.
In Succession of Kugler, the deceased had issued two mortgage notes on his real property. These notes were prescribed on their face and the administrator of the succession offered parol evidence to show that credits endorsed on the notes were made prior to the time the prescription had accrued. The court held that the evidence was properly rejected under Article 2278 of the Code and Succession of Hillebrandt, 21 La.Ann. 350. However, a promise to pay these debts, contained in a letter written by the deceased to the holder of the notes, was introduced in evidence *Page 273 
and then parol testimony was offered to show that the deceased owed no other debts to the holder other than the notes. The court held that the parol evidence was competent to identify the acknowledgment and promise of the deceased with the obligations.
In Tilden v. Succession of Morrison, the deceased debtor signed an acknowledgment on the back of the note. In addition to this, he wrote several letters in which he acknowledged and promised to pay the indebtedness. Parol evidence was received by the court for the purpose of showing that the debt referred to in the letters was the obligation upon which suit was brought. The court held that the evidence was admissible for the purpose of identifying the acknowledgments, citing Succession of Kugler, supra.
Thus, it is plain that, in the Harrison, Kugler, and Tilden cases, the acknowledgments relied upon as interrupting the course of prescription were actually acknowledgments of indebtedness by the deceased obligors in writing. Parol evidence was received merely to identify these acknowledgments with the particular obligation sued upon. But we cannot perceive that the holdings in those cases approve the admission of parol evidence to establish that a check issued by a deceased debtor to the holder of a note is, in fact, a payment on account of an obligation where the writing itself does not so state or does not acknowledge an indebtedness. The decision in the Henderson case is erroneous, we think, because it permits the reception of parol evidence for the purpose of establishing that the mere issuance of a check by a debtor, since deceased, to his creditor is, in fact, a payment on account and therefore an implied acknowledgment of the debt. This is exactly what Article 2278 declares cannot be done.
In Rassat v. Vegas, supra, relied upon by plaintiff, Rassat was the holder of a mortgage on the property of Vegas. After the death of Vegas, Rassat instituted executory proceedings and Mrs. Vegas sought to enjoin the foreclosure on the ground that the mortgage note was prescribed on its face. The plaintiff attempted to show an interruption of prescription by introducing a personal letter signed by the deceased which contained the following statement: "`Enclose please receive check for $500.'" And he further attempted to prove, by parol evidence, that the check enclosed in the letter was a payment on the note in controversy. The Supreme Court approved the ruling of the trial judge in refusing to admit the parol evidence, stating:
"We think the trial judge ruled correctly. The letter hereinabove quoted does not purport to be an acknowledgment of any debt whatsoever, and hence parol evidence was inadmissible to show that it was such in fact and had reference to the note herein foreclosed upon."
The opinion in the Rassat case does not inform whether the check, which was enclosed in the letter sent by Vegas to Rassat, was a check issued by Vegas to Rassat's order. Because of this, we have undertaken to examine the record in that matter. The record shows that the check for $500 which Vegas referred to in his letter was issued by a man named Hidalgo, the lessee of the mortgaged property, and was made payable to the order of Rassat, the holder of the mortgage. And it further appears that, at the time Vegas leased the mortgaged property to Hidalgo, Rassat, as the holder of the Mortgage, was made a party to the lease and it was agreed and understood between the parties that the rent on the property would be paid to Rassat. The written lease was offered in evidence and forms part of the record.
We are unable to discern any difference in principle between the Rassat and Henderson cases. If Article 2278 of the Code precluded Rassat from adducing parol evidence to supplement the letter written by Vegas (in which he enclosed a check for Rassat's use) for the purpose of showing that Vegas was making a payment on account of the mortgage note and therefore was acknowledging the existence of the debt, why should parol evidence be admissible in this case, or in the Henderson case, to exhibit that checks issued by the deceased debtors in favor of the creditors were, in fact, payments on account of the obligations and therefore implied acknowledgments of the debts? In each instance, the writings of the deceased are not complete, in themselves, as acknowledgments or promises to pay and parol proof is required in order to establish them as such. Article 2278 of the Code, which is a statute of frauds, ordains that the acknowledgment or promise to pay must be proved by written evidence in order to *Page 274 
interrupt the running of prescription. And, while it may be that the prohibition against the reception of parol evidence works a hardship upon a creditor in cases of this type, it will not do to devise tenuous distinctions for the sake of equity in order to avoid the plain letter of the law. This is a matter for the legislature and not for the courts. After all, the creditor can always protect himself by requiring the debtor to acknowledge the obligation in writing prior to the accrual of prescription.
The Henderson case is not cited in Rassat v. Vegas and apparently was not given consideration by the court. Nevertheless, since we find no distinction in principle between the two cases, we feel justified in stating that the Rassat case necessarily overrules, by implication, the decision in the Henderson matter. And, aside from our belief that the Rassat decision is sound, it is the last expression of the Supreme Court on this subject and we are obliged to follow it.
Our brethren of the Second Circuit Court of Appeal, in their opinion on rehearing in Youngblood v. Davies, La.App., 170 So. 376, are of the belief that a distinction exists between the holding in the Rassat case and that in the Succession of Henderson. We are not in accord with this view for the reasons hereinabove pointed out.
In Youngblood v. Davies, suit was brought on a promissory note issued by the late Judge J.E. Reynolds in favor of plaintiffs' ancestor. Inasmuch as the note was prescribed on its face, defendants interposed a plea of prescription. Plaintiffs, pleading that prescription had been interrupted, introduced in evidence a check made by Glassell-Hicks Co., Inc., to the order of Judge Reynolds and by him endorsed to the creditor and offered parol evidence to show that this check was intended as a payment on account of the promissory note. The trial judge rejected the parol evidence on the ground that Article 2278 of the Civil Code forbade its admission. On appeal, the Court of Appeal held on first hearing (see 169 So. 238, 240) that the judge was right in excluding the evidence, in view of the decision of the Supreme Court in Rassat v. Vegas. In that opinion, the court correctly remarked that there could be no essential difference if the check which the creditor received was to be regarded as a payment on account, whether it was issued by the debtor to the creditor or whether it was executed by a third person in favor of the debtor and by him endorsed in blank to the creditor. It further observed that the Henderson case was authority for the proposition that parol evidence was admissible in order to show that the check given by Judge Reynolds was a payment on account of the obligation and therefore an acknowledgment sufficient to interrupt the running of prescription. But it stated that, in view of the later decision of the Supreme Court in the Rassat case, it felt sound to assume that that decision overruled the Henderson matter. And, speaking of the Rassat case, the court declared:
"The ruling, we think, tracks the plain letter of the codal article. (Art. 2278) This article bans reception of parol testimony `to prove acknowledgment or promise of a party deceased to pay any debt or liability in order to take it out of prescription,' and it certainly does violence thereto to admit such testimony to establish a fact not disclosed by written evidence." (Words in parentheses and italics ours.)
However, on rehearing (see 170 So. 376), the court stated that, in drafting its former opinion, it was under the impression that the check accompanying the letter discussed in the Rassat case was drawn by the maker of the note involved who was also the author of the letter; that further study of the case convinced it that it was in error in making that statement; that, as a matter of fact, the check in the Rassat case was not the check of Vegas and that, in view of this, the Rassat case does not modify or overrule the jurisprudence established in other cases, i.e., McGinty v. Succession of Henderson.
As we have heretofore stated, we cannot see that it makes any difference whether the check accompanying the letter in the Rassat case was made by Vegas or not. Whether it was his check, the check of a third person, or a sum of money enclosed in the letter in cash, was of no moment, as the question presented to the court was whether the letter written by Vegas, in which the alleged payment was enclosed, could be supplemented by parol evidence in order to show that the enclosure was, in fact, a payment on account and therefore an implied acknowledgment of the debt. The court held that parol evidence was inadmissible since the writing was not in itself an acknowledgment *Page 275 
or promise to pay. Thus, in the case at bar (as in the Henderson and Youngblood cases), the only written evidence submitted to prove the acknowledgment is a check issued by the debtor to the creditor. This is not an acknowledgment or promise to pay the debt, nor can it be regarded, in itself, as a payment on account, as parol evidence, which is banned by Article 2278, is necessary to establish that it was, in fact, such a payment. In these circumstances, we are constrained to hold that the defendant has not proved, by evidence legally admissible, that prescription on the note of Mrs. Lob has been interrupted. As a consequence, plaintiff is entitled to the relief prayed for in her petition.
In view of the conclusion we have reached, we find it unnecessary to discuss the other cases cited by counsel for plaintiff which, upon examination, appear to support the provisions of Article 2278 of the Code concerning the inadmissibility of parol evidence to establish an acknowledgment or promise to pay on the part of a deceased debtor in order to take the debt out of prescription or to revive it after prescription has been completed.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment herein in favor of plaintiff, Mrs. Don E. Robin, as tutrix of the minor, Anna Virginia Lob, and against defendant, Mrs. Adele Weil Walsh, decreeing that the mortgage note sued upon in the proceedings entitled "Mrs. Adele Weil Walsh vs. Succession of Jennie Gerber Lob", No. 248 — 492 of the docket of the Civil District Court, to be prescribed. And it is further ordered that a writ of injunction issue herein in favor of plaintiff, without bond, enjoining and restraining Mrs. Adele Weil Walsh and Louis Knop, Jr., Civil Sheriff, from proceeding further with the advertisement and sale of the real estate described in the executory proceedings No. 248 — 492 of the docket of the Civil District Court entitled "Mrs. Adele Weil Walsh vs. Succession of Jennie Gerber Lob." Mrs. Adele Weil Walsh is to pay all costs of this suit.
Reversed.