Because of the confusion which exists in the jurisprudence concerning the interpretation of Article 2278 of the Civil Code, I feel privileged to express my personal views which are not entirely in accord with those of my colleagues.
It must be conceded that the effect of the early adjudications, Harrison v. Dayries, 23 La.Ann. 216, and In re Succession of Kugler, 23 La.Ann. 455, is to permit parol evidence to show which debt is intended when there is written evidence of the acknowledgment of any debt. Perhaps the last decision of our Supreme Court in Rassat v. Vegas, 173 La. 778, 138 So. 665, is evidence of an intention on the part of that Court to reopen the whole subject and it is in this belief that I suggest the erroneous nature of these earlier holdings. For example, the prohibition contained in the codal article against the admission of parol evidence applies to the proof of acknowledgment "in order to take such debt or liability out of prescription". It would appear, therefore, that the prohibition would apply to any proof necessary to establish an acknowledgment of a specific debt. Therefore, to permit parol evidence to identify a general acknowledgment of obligation as applicable to a specific debt would do violence to the codal article.
For these reasons I respectfully concur in the result.