A rehearing was granted in this matter for the sole purpose of considering whether the case should be remanded to the District Court for the introduction of certain alleged newly discovered evidence in support of defendant's contention that the running of prescription on the mortgage note executed by Mrs. Lob has been interrupted.
In her application for a rehearing and in the brief filed in support thereof, Mrs. Walsh alleged that, since the submission of the matter and the rendition of our original decree, she has discovered that Mrs. E.W. Waller, the daughter of Mrs. Lob and the executrix of her estate, has in her possession certain documentary evidence which shows that the checks issued to her by Mrs. Lob were payments on account of the mortgage note. The evidence referred to consists of (1) a letter written by Mrs. Waller, as agent for Mrs. Lob, to the former attorneys of Mrs. Walsh in which it is stated that the check of November 13th, 1934, for $109.20, issued by Mrs. Lob to defendant's order, was given in payment of the interest due on the mortgage note, and (2) the stubs of Mrs. Lob's check book, containing entries in the handwriting of the deceased, which exhibit that the checks issued to Mrs. Walsh were given in payment on account of the indebtedness.
At the outset, we note that counsel for plaintiff objects to our consideration of defendant's request for a remand of the case on the grounds (1) that the evidence is not, in truth, newly discovered and (2) that the motion to remand cannot be entertained at this late stage of the proceeding when the matter has been determined by us on the evidence adduced at the trial below.
We find no merit whatever in counsel's contention. Defendant's allegation that the evidence has just been discovered is amply supported by affidavits and it is well established in our jurisprudence that the appellate courts may, in the exercise of their discretion, remand a case for the production of additional evidence where they are convinced that a refusal of the request might possibly result in a miscarriage of justice. See Martin v. Markley, 202 La. 291, 11 So.2d 593.
In addition to the foregoing complaint, counsel for plaintiff objects to the consideration of the check stubs of Mrs. Lob for the reason that defendant did not mention in her application for a rehearing that the case be remanded for the purpose of receiving those stubs in evidence.
We do not think this point is well taken for the reason that defendant, in the brief filed in support of her application for a rehearing, states that she has but recently ascertained that the check stubs are in the possession of Mrs. Waller and that they would be available to her in the event the case is remanded for the purpose of receiving them in evidence. At the time defendant's brief was filed, the case was under advisement on the application for a rehearing. Therefore, since the cause is within our jurisdiction, any matter material to the ultimate decision to be rendered is entitled to consideration.
Since we are of the opinion that the question of the remand of the case for the purpose of submitting newly discovered evidence is properly before us, we pass on to a consideration of whether the alleged evidence could be legally received in the court below. The letter written by Mrs. Waller, on behalf of her mother, Mrs. Lob, to defendant's former attorneys is clearly inadmissible to prove an acknowledgment of the debt on the part *Page 854 
of the deceased for the reason that the defendant admits that the agency of Mrs. Waller is not in writing as required by Article 2278 of the Civil Code. That Article, as pointed out in our original opinion, prescribes that, in all cases, an acknowledgment or promise to pay on the part of a deceased debtor shall be proved by written evidence signed by the deceased "or by his agent or attorney in fact, specially authorized in writing so to do."
Counsel for defendant makes a most technical and ingenious argument in favor of the admissibility of the letter written by Mrs. Waller. We do not find it necessary to discuss this argument as we are satisfied not only that Article 2278 forbids the reception of the letter in evidence but that its clear and concise provisions afford a full and complete answer to counsel's postulations.
On the other hand, we are of the opinion that the check stubs are admissible in evidence for the purpose of exhibiting that the checks issued by Mrs. Lob to the defendant were, in fact, payments made on account of the obligation on the mortgage note. In our original opinion, we held that parol evidence was inadmissible to prove that the check of $109.20, which had been issued by the deceased in favor of Mrs. Walsh, was a payment on account of the note in view of the prohibition contained in Article 2278 of the Code. The evidence now sought to be tendered is allegedly in the handwriting of the deceased and indicates the purpose for which the check was given. Therefore, if properly identified, it is clearly admissible as proof of a written payment on account which interrupted the running of prescription.
In McGinty v. Succession of Henderson, 41 La.Ann. 382, 6 So. 658, 659, one of the questions presented was whether the check book stubs of the deceased were admissible in evidence for the purpose of showing that the checks issued by him to McGinty were payments on account of the indebtedness which had the effect of interrupting the running of prescription. The court, in holding that they were properly received, stated:
"Equally inapplicable are authorities quoted holding that mere entries on the books of a debtor cannot serve as an acknowledgment interrupting prescription. The checks are not mereentries on his books, and the entries on the corresponding stubsof the check-book are not offered as, in themselves, operating aninterruption, but as the natural proper evidence to explain andestablish the purpose for which the checks were issued, and thesubject-matter to which they applied." (Italics ours.)
Unquestionably, the above quoted ruling amply covers the situation here and fully authorizes the reception of the evidence which the defendant seeks to tender to the trial court on a remand of the case. And, were it not for the fact that the original opinion in this matter expressed grave doubt as to the correctness of the conclusions reached in the Henderson case, no further comment would be necessary.
When this matter was first submitted for decision, counsel for defendant contended that, despite the provisions of Article 2278 of the Code, parol evidence was admissible for the purpose of showing that the check for $109.20, given by Mrs. Lob to Mrs. Walsh, was, in fact, a payment on account of the debt which interrupted the running of prescription. To sustain that contention, counsel relied principally on the decision in McGinty v. Succession of Henderson. In considering the proposition advanced by counsel, it was conceded in the main opinion (see16 So.2d 269) that the decision in Succession of Henderson was authority for the view contended for but it was found that the ruling in that case was in direct conflict with the later decision of Rassat v. Vegas, 173 La. 778, 138 So. 665. Since the Rassat case was the last expression of the Supreme Court on the subject and being of the opinion that the views expressed therein were fully supported by the provisions of Article 2278 of the Code, it was resolved that the contrary ruling in the Henderson case should not be followed.
A careful re-examination of the facts appearing in the Henderson case has been sufficient to convince us that the result reached therein does not conflict with the ruling in Rassat v. Vegas. Hence, the observation contained in the original opinion in this case, that the decisions in those cases cannot be reconciled, is erroneous. The facts in the Henderson case reveal that the creditor, in seeking to establish that prescription on the debt sued upon had been interrupted by payments on account, introduced in evidence checks issued *Page 855 
to him by Henderson and the stubs of Henderson's check book which disclosed the purpose for which the checks had been given. This evidence, which was in the handwriting of the debtor, was sufficient to establish that the checks given by Henderson were payments on account, without resorting to the use of parol evidence for that purpose. Notwithstanding this fact, the court remarked:
"These checks undoubtedly evidence a payment by Henderson to McGinty on some account, and in discharge of some obligation; and, while they do not of themselves establish a payment of this particular debt, it is conclusively settled that where an acknowledgment in writing, signed by a deceased debtor, is proved, parol evidence is admissible to show the particular debt to which the acknowledgment was intended to apply. Harrison v. Dayries, 23 La.Ann. 216; Succession of Kugler [23 La.Ann.] 455; Tilden v. Succession, 33 La.Ann. [1067], 1068."
The foregoing quotation led us into error as we interpreted it to mean that the court was of the view that the mere production of a check issued by a debtor, since deceased, to his creditor, was sufficient to establish it as a payment on account of an obligation, despite the fact that there was nothing on the check (or other writing of the deceased debtor) to indicate the purpose for which it was given. However, it is now clear from the facts of that case that the court did not intend to create such an impression and that the remarks "These checks undoubtedly evidence a payment by Henderson to McGinty on some account. * * * (while somewhat misleading) had reference to the checks as supplemented by the writings of Henderson on the stubs of his check book which revealed that they were given in payment on account of the obligation. Hence, the decision is not authority for the proposition that parol evidence is admissible against the heirs of a deceased debtor for the purpose of showing that a check given by a debtor, since deceased, to a creditor, is a payment on account and therefore an acknowledgment of the debt sufficient to interrupt the running of prescription. On the contrary, the opinion, insofar as it pertains to Article 2278 of the Code, holds merely that, when an acknowledgment of the deceased debtor is established by written evidence, parol evidence may be received to prove the debt to which it was intended to apply, without violating the codal prohibition.
Being of the view that the ends of justice demand that defendant herein be given the opportunity of submitting the check stubs, which are allegedly in the handwriting of Mrs. Lob and which show that the checks issued by her in favor of defendant were intended as payments on account of the mortgage debt, the case will be accordingly remanded to the District Court for that purpose.
For the reasons assigned, the original decree of this court is recalled and annulled and it is now ordered that the case be remanded to the Civil District Court for the Parish of Orleans for further proceedings in accordance with law and not inconsistent with the views herein expressed. The costs of this appeal are to be paid by Mrs. Adele Weil Walsh; all other costs to await the final determination of the case. Plaintiff's right to apply for a rehearing is reserved.
Original decree recalled and case remanded to the District Court for further proceedings.